## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

CHRISTINE LINDSAY,
5553 Roselawn Road
Roanoke, Virginia 24018

ROBERT MCGRUDER
56 Memphis Ave.
Floral Park, NY 11001

Individually And On Behalf of All
Other Persons Similarly Situated,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
c/o Eugene C. Miller
4103 Chain Bridge Road
Fairfax, Virginia 22030,

Defendant.

Case No. _____

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Defendant Government Employees Insurance Company ("GEICO" or "Defendant") has, since at least June 15, 1998, willfully violated The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by failing to pay Plaintiffs Lindsay and McGruder (collectively, "Plaintiffs") and all other persons employed by Defendant as "Auto Damage Adjusters" or "Resident Auto Damage Adjusters" (collectively, "AD Adjusters" or "the Class") time and one-half their regular rates of pay for hours all worked in excess of forty

per week.   These individuals have been classified by Defendant as exempt from the provisions of the FLSA, while at the same time being assigned by Defendant a primary duty that is inconsistent with exempt status.  *See Robinson-Smith v. Government Employees Insurance Co.*, No. CIV.A 01-1340 PLF, 2004 WL 1497883 (D.D.C. July 1, 2004) (Granting summary judgment as to liability for plaintiff and holding that GEICO Auto Damages Adjusters are subject to the overtime provisions of the FLSA).

2.      In addition, for at least the last two years Defendant willfully has attempted to conceal the amount of unpaid wages owed to its AD Adjusters by utilizing a timekeeping system that intentionally fails to accurately record all hours worked by AD Adjusters. Specifically, GEICO supervisors have informed Plaintiffs and Class Members that they were not permitted to record more than 7.75 hours of working time per day, despite having knowledge that Plaintiffs and Class Members actually worked substantially in excess of 7.75 hours per day.

3.      This Complaint is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of both Plaintiffs and all other persons who are or have been employed by Defendant anywhere in the United States as AD Adjusters between July 19, 2001 and the date of final disposition of this action (the "Class Period").  Plaintiff and all such similarly situated persons are hereinafter referred to jointly as "the Class" or "the members of the Class."

4.     The members of the class are similarly situated because they all perform the same basic job duties and assignments, and all are subject to Defendant's common policies and practices, implemented nationwide, of classifying AD Adjusters as exempt from the provisions of the FLSA, and of willfully failing to properly record hours worked by AD Adjusters. *See* Memorandum Opinion, *Robinson-Smith v. Government Employees Insurance Co.*, No. CIV.A 01-1340 PLF, 2001 U.S. Dist. LEXIS 25516 (D.D.C. November 16, 2001) (finding AD adjusters to be similarly situated and authorizing issuance of notice to AD adjusters pursuant to 29 U.S.C. § 216(b)).

5.     This action also is brought as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of all AD adjusters who work or worked in the state of New York (the "New York subclass") from July 19, 1998 to the date of the final disposition of this action ("the New York subclass period").

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of Claim for Relief A, B, E, and F (violation of the FLSA) pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

7.     This Court has jurisdiction over the subject matter of Claims for Relief C, D, E, and F (violation of New York state law) pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

8.     Defendant regularly transacts business in this district, such that it is subject to personal jurisdiction here.  Venue is proper in this district pursuant to 28 U.S.C. §1391(c), because the Defendant is subject to personal jurisdiction in this district.

9.     Venue is also proper in this district because this case is related to *Robinson-Smith v. Government Employees Insurance Co.*, No. CIV.A 01-1340 PLF ("*Robinson-Smith*"), currently pending in this Court.  This action alleges similar violations of the FLSA as are alleged in Robinson-Smith, and shares a common nucleus of operative fact with *Robinson-Smith*.

10.     Defendant is engaged in interstate commerce.

### PARTIES

11.     Plaintiff Lindsay is a resident of Roanoke, Virginia.  She is currently employed as an Auto Damage Adjuster by Defendant.

12.     Plaintiff McGruder is a resident of Floral Park, New York.  He is currently employed  as an Auto Damage Adjuster by Defendant.

13.     Defendant GEICO is a corporation organized under the laws of the State of Maryland with its primary place of business in Washington, D.C. and Chevy Chase, Maryland.  During the Class Period, Defendant has regularly transacted business in  this district.

4

14.     During the Class Period, Defendant has been engaged in the business of designing and selling automobile insurance to customers in the District of Columbia and across the nation.

## INDIVIDUAL ALLEGATIONS

15.     During the Class Period, the primary job duty of Plaintiffs has been to: (1) inspect damaged automobiles as to which a claim for indemnity under policies sold by the Defendant has been made or is expected to be made: (2) enter a description of the damage into a GEICO computer system; (3) offer payment for the damage in accord with the amounts provided by the GEICO computer system; and (4) perform related clerical tasks such as photographing damaged vehicles and filling out forms provided by the Defendant relating to their appraisals.

16.     Plaintiffs were paid a minimum weekly amount as a salary regardless of the number of hours worked.   However, Plaintiffs also sometimes received additional compensation for certain types of work regardless of whether they had worked in excess of 40 hours per week.   For example, Plaintiffs sometimes received additional payments for working on Saturdays at a drive-in auto damage inspection facility, where damaged but operational automobiles were brought for inspection.

17.     Plaintiffs regularly worked substantially in excess of 40 hours per week and were not paid by Defendant for the time worked over 40 hours per week.

18.    The primary duty of the Plaintiffs did not consist of either performance of office or managerial work directly related to Defendant's management policies or general business operations or those of its customers.

19.    Plaintiffs' primary duty did not include work requiring the exercise of discretion and independent judgment.  Instead, it involved gathering facts and determining the cost of repair to damaged vehicles pursuant to strict criteria and a computer program provided by the Defendant. *See Robinson-Smith v. Government Employees Insurance Co.,* No. CIV.A 01-1340 PLF, 2004 WL 1497883 (D.D.C. July 1, 2004) (AD adjusters do not exercise sufficient discretion and independent judgment to be exempt from the provisions of the FLSA).

20.    In addition, GEICO has required as a condition of employment that Plaintiffs use a timekeeping system that is intentionally designed to fail to record all hours that Plaintiffs work.

21.    Specifically, GEICO has required that Plaintiffs, if they want to be paid at the conclusion of any pay period, record only 7.75 hours of work per day, even though GEICO is fully aware that Plaintiffs routinely work substantially in excess of that amount.

## COLLECTIVE ACTION ALLEGATIONS

22.    The job duties of the Class Members were essentially the same as the duties and activities of the Plaintiffs described above.   At all times during the class period, all of the Class Members were employed in the same or similar job as the Plaintiffs and were paid

in the same manner and under the same standard employment procedures and practices as the Plaintiffs.

23.     The members of the class, like the Plaintiffs, all were subject to the same unlawful policy or plan to classify them as exempt from the provisions of the FLSA, while at the same time assigning them a primary duty inconsistent with exempt status.

24.     During the Class Period, Defendant was fully aware that the primary duty of Plaintiffs and the members of the class was inconsistent with exempt status, and that the members of the class were and are not exempt from the overtime provisions of the FLSA.

25.     Based upon the investigation of Counsel, which includes interviews with AD adjusters from across the country, the members of the class have been subjected to a common GEICO policy, implemented nationwide, of using a timekeeping system intentionally designed to fail to record all time worked.

26.     Class members have been required to record only 7.75 hours of work time per day in order to get paid, even though GEICO knows that Class members routinely work more than 40 hours per week.

27.     By its conduct, as set forth herein, the Defendant violated 29 U.S.C. § 207(a) by failing to pay its AD Adjusters time and one-half their regular hourly rates for hours worked in excess of forty hours during a workweek.

28.    The Defendant's violations of 29 U.S.C. § 207(a) were repeated, willful and intentional, and included a willful decision to fail to keep accurate records of all time worked.

29.    The Plaintiffs and the members of the Class have been damaged by said violations of 29 U.S.C. §207(a).

30.    Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to the Plaintiffs and the members of the Class for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys fees and costs of the Plaintiffs and members of the Class.

31.    While the exact number Class members is unknown to Plaintiffs at the present time, Plaintiffs are sure, based on discovery taken in *Robinson-Smith*, that there are more than five hundred similarly situated persons who are or have been employed by Defendant as AD Adjusters since July 16, 2001 and who are not already parties to *Robinson-Smith*. Thus, a collective action is the most efficient mechanism for resolution of the claims of the members of the class.

32.    In addition, an action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such Class Members individually to redress the wrongs done to them. Moreover, because of the similarity of the Class Members'

8

claims, individual actions would present the risk of inconsistent adjudications subjecting Defendant to incompatible standards of conduct.

33.    Annexed hereto as Exhibit 1 are written consents to the filing of this Complaint duly executed by the Plaintiffs and two additional collective action members pursuant to 29 U.S.C. §216(b).

34.    Plaintiffs are currently unaware of the identities of all the members of the Class. Accordingly, Defendant should be required to provide to Plaintiffs a list of all persons employed by Defendant as AD Adjusters since July 16, 2001, stating their last known addresses and telephone numbers, so that Plaintiffs can give such Class Members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## NEW YORK SUBCLASS ALLEGATIONS

35.    Plaintiffs restate all of the allegations contained in paragraphs 22-26, *supra*, as if fully set forth herein.

36.    The New York subclass encompasses all individuals who work or worked as AD Adjusters in the State of New York at any time during the New York subclass period.

37.    The New York subclass is represented by Plaintiff McGruder.

38.    Plaintiff McGruder and the members of the New York subclass all were subject to the unlawful employment practices set forth in paragraphs 22-26, *supra*.

39.     These unlawful employment practices, set forth in paragraphs 22-26, violated New York Labor Law Section 663 and the implementing regulations of the statute.

40.     The members of the New York subclass are so numerous that joinder of each member of the New York subclass would be impracticable. Discovery obtained in *Robinson-Smith* indicates that there are at least 50 members of the New York subclass.

41.     The claims of Plaintiff McGruder are typical of the claims of the members of the New York subclass. Plaintiff McGruder and the members of the New York subclass all have the same or similar job responsibilities, and all were subject to the same unlawful policies set forth in paragraphs 22-26, *supra*.

42.     There are numerous questions of law and fact common to the claims of Plaintiff McGruder and the members of the New York subclass, including but not limited to:

      a.     The nature of the job duties and responsibilities of the New York subclass;

      b.     Whether the actions described in paragraphs 22-26, *supra*, took place as alleged;

      c.     The legality under New York law of the actions described in paragraphs 22-26, *supra*.

43.     Plaintiff McGruder will adequately represent the members of the New York State subclass.

44.     Plaintiff McGruder has no interests adverse to any member of the New York subclass.

45.     Plaintiff McGruder has retained counsel experienced in class action and employment litigation who will adequately represent the interests of the New York subclass. Counsel in this action are the same counsel who represented the Plaintiff and the class in *Robinson-Smith*, and obtained summary judgment as to liability on behalf of the Plaintiff in *Robinson-Smith*.

46.     Questions of law and fact common to the New York subclass predominate over individual questions, if any, that apply to the individual members of the New York subclass.

47.     Because Plaintiff McGruder and the members of the New York subclass challenge the same unlawful compensation practices, a class action is superior to other methods, if any, of resolving this dispute.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A       Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct the Defendant to provide to the Plaintiffs a list of all persons employed by it as AD Adjusters during the Class Period, including the last known address and telephone number of each such person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

11

B.      Determine the damages sustained by the Plaintiffs and the members of the

Class as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages

against the Defendant and in favor of Plaintiffs and all members of the Class, plus an

additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such pre-

judgment interest as may be allowed by law;

C.      Declare this action maintainable as a Class Action on behalf of the New York

subclass pursuant to Fed. R. Civ. P. 23.

D.      Determine the damages suffered by Plaintiff McGruder and the members of

the New York subclass as a result of Defendant's violation of New York Labor Law Section

663 and was award those damages against the Defendant and in favor of Plaintiff McGruder

and the New York State subclass.

E.      Award Plaintiffs and the members of the Class and the New York subclass

their costs and disbursements of this suit, including, without limitation, reasonable attorneys',

accountants' and experts' fees; and

F.      Grant Plaintiffs and the members of the Class and the New York subclass such

other and further relief as the Court may deem just and proper.

> PLAINTIFF DEMANDS A
> TRIAL BY JURY ON
> ALL CLAIMS SO TRIABLE

> > Submitted by the attorneys for the Plaintiff
> > and the Class,

12

Michael D. Hausfeld (D.C. Bar No. 153742)
Charles E. Tompkins  (D.C. Bar No. 459854)
COHEN, MILSTEIN, HAUSFELD
   & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower - Suite 500
Washington, D.C.  20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

Thomas V. Urmy, Jr. (BBO# 506620)
Christine E. Morin (BBO# 600237)
Todd Heyman (BBO #  643804)
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
(617) 439-3939

13