## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | * | |
| **CHRISTINE LINDSAY,  et al.** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Case No.  1:04-cv—1213-PLF** |
| | * | |
| **GOVERNMENT EMPLOYEES** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

### MOTION TO DISMISS

Defendant Government Employees Insurance Company (GEICO) moves to dismiss plaintiffs' New York state law class action claims pursuant to F. R. Civ. P. 12(b)(6) and the supplemental jurisdiction statute, 28 U.S.C. §1367.[1]

### MEMORANDUM

### STATEMENT OF FACTS

On July 1, 2004, the Court issued an Opinion and Order in *Robinson-Smith v. Government Employees Insurance Company*, 01-1340, finding that the plaintiff adjusters were not exempt from overtime and granting summary judgment in their favor.  Both of the named plaintiffs in this follow-on action, Christine Lindsay and Robert J. McGruder, were on the list of adjusters provided by GEICO to plaintiff's counsel in *Robinson-Smith* and presumably received notice of their right to participate in that action.  Neither filed a consent to participate.  Now,

---

[1] This motion does not address Rule 23 considerations.  If the Court retains subject matter jurisdiction over the state law class claims, GEICO will respond to a motion for class certification in due course.

McGruder and Lindsay have filed a second action against GEICO under the Fair Labor Standards Act, seeking another collective action.  In addition, McGruder seeks to represent a Rule 23 class of adjusters employed in New York State, alleging violations of New York state law.

**ARGUMENT**

If the Court certified a New York state law class, the majority of its members would not also be party to the FLSA claim, for two reasons.  First, the New York statute of limitations is six years, whereas the FLSA statute of limitations is two years or three years for a willful violation.  Second, the state law class would include all adjusters employed in New York during the limitations period except for those who opt-out.  The FLSA claim would be a collective action, limited to those who affirmatively opt-in.  GEICO submits that supplemental jurisdiction does not apply to members of the putative state law class who are not party to the FLSA claim.  Even if the Court had such jurisdiction, it should decline to exercise it, because the putative state law class involves a larger group of plaintiffs, whose claims present unsettled issues of state law that should be resolved in New York state court.

**1.     Supplemental jurisdiction does not apply to class members who do not opt-in.**

The supplemental jurisdiction statute, 28 U.S.C. §1367 (a) permits the court to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

When the members of a class have similar but individual claims, each claim must separately support federal jurisdiction.  *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031,

2

1036-37 (8th Cir. 1999).  Accordingly, in a FLSA case, only those who opt-in can be included in

a state law class. *Bartleson v. Winnebago Industries, Inc.*, 219 F.R.D. 629 (N.D. Iowa 2003).

"Thus, *Fielder* held, in pertinent part, that, where federal jurisdiction is premised on a federal

class claim, supplemental jurisdiction over a companion state-law class claim extends only to

those members of the state-law class who *also* have the federal class claim." *Id.* at 636

(emphasis in original).  "Here, that limitation on supplemental jurisdiction means that *only*

*[state-law] class members who have also asserted a FLSA claim in this action are properly in*

*federal court*; supplemental jurisdiction cannot extend to [state-law] class members who have no

FLSA claim." *Id.* at 637 (emphasis in original).[2]

The Portal-to-Portal Act, 28 U.S.C. §216(b), which requires individual consent to become

a party, supports the conclusion that federal jurisdiction is limited to those who opt-in.  "No

employee shall be a party to any such action unless he gives his consent in writing to become

such a party and such consent is filed in the court in which such action is brought." *Id.*  See

*Rodriguez v. The Texan, Inc.*, 2001 WL 1829490 (N.D. Ill. 2001).  The use of a state law class

action in a federal FLSA case is an end-run around both the language and purpose of the Portal-

to-Portal Act.

> There are powerful policy considerations that led Congress to change the original version
> of the Fair Labor Standards Act by enacting the Portal to Portal Act of 1947 so as to
> require the opt-in procedure via individualized consents by employees wishing to join
> such actions (see *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1980)).  That
> policy and the underlying congressional intent would be thwarted if a plaintiff were
> permitted to backdoor the shoehorning in of unnamed parties through the vehicle of
> calling upon similar state statutes that lack such an opt-in requirement.

---

[2] But see *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) in which the Court of
Appeals found that the district court had supplemental jurisdiction over a state law class but
abused its discretion by not declining to exercise it under 28 U.S.C. §1367(c).

*Id.* at * 2.  Given the Portal-to-Portal's insistence upon individual consent to become parties, "it involves some stretch of language to read 'the same case or controversy under Article III' as somehow embracing the separate claims of those others." *Id.*  Accord, *Harper v. Yale Int'l Ins. Agency, Inc.*, 2004 WL 1080193 (N.D. Ill. 2004)(relying on *Rodriguez* in decertifying state law class in FLSA action); *Zelaya v. J.M. Macias, Inc.*, 999 F. Supp. 778 (E.D.N.C. 1998)(supplemental jurisdiction does not extend to separate class with different membership because the claims are not ones which would ordinarily be expected to be tried in one proceeding).

### 2.     The Court should decline supplemental jurisdiction

If the Court has supplemental jurisdiction in the first place, it should decline to exercise it, pursuant to 28 U.S.C. §1367(c).  That section authorizes the court to decline supplemental jurisdiction if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

### A.     There are unsettled issues of state law.

The existence of unsettled state law issues strongly supports declining supplemental jurisdiction.  "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable

law." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966)[3]; *Edmondson &*

*Gallagher v. Alban Towers Tenants Ass'n,* 48 F.3d 1260. 1267 (D.C. Cir. 1995).  See also

*Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia,* 93 F.3d

910, 922 (D.C. Cir. 1996)(abuse of discretion to exercise supplemental jurisdiction over

unsettled questions of state law); *De Asencio v. Tyson Foods, Inc., supra* (same in FLSA case).

There are at least two important and unsettled issues of state law in this case.  First, the

important threshold question of whether a wage-hour class action can be maintained under New

York law remains unsettled.  New York wage-hour law provides for twenty-five percent

liquidated damages.  New York Labor Law §198, Subd. 1-a and 663.  However, New York Civil

Practice law provides that actions for a penalty may not be maintained as a class action, unless

the statute so provides, which is not the case here.  C.P.L.R. §901(b).  In *Carter v. Frito-Lay,*

*Inc.*, 74 A.D.2d 550, 425 N.Y.S.2d 115, *aff'd,* 52 N.Y.2d 994 (1980), the only case on point

which has reached New York's highest court, the Court of Appeals affirmed an Appellate

Division holding that the wage-hour statute "does not contain the necessary clause allowing these

[liquidated] damages to be recovered in a class action."  It further stated that ability of the

Industrial Commissioner to sue on behalf of employees and of attorney's fee for individual

employee actions militates against allowing class actions.  To get around this problem, some

courts have accepted offers to waive liquidated damages on behalf of the class.  E.g. *Jacobs v.*

*Bloomingdale's Inc.,* 5/27/2003 N.Y.L.J 32 (col. 6)(Sup. Ct. Queens Cty., 2003), appeal pending

in 2nd Dept.; *Pesanetz v. Boyle Invtl. Servs., Inc.,* 251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dept.

1998); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 94 (S.D.N.Y. 2001).  Other

courts have refused to accept such waivers, citing, among other things, the availability of an

---

[3] Section 1367(c) is a codification of the consideration discussed in *Gibbs.*

5

enforcement action by the Industrial Commissioner as recognized in *Carter v. Frito-Lay*. See

e.g., *Hardy v. Stevens Travel Management, Inc.*, No. 604044/98 (Sup. Ct. N.Y. Cty. 1999)(copy

attached); *Woods v. Champion Courier, Inc.,* 10/9/98 N.Y.L.J. 26 (Col. 1)(Sup. Ct. N.Y. Cty.

1998). See also *Hauptman v. Helena Rubinstein, Inc.*, 452 N.Y.S. 2d 989 (Sup. Ct. N.Y. Cty.

1981); *Foster v. Food Emporium*, 2000 WL 1737858 at n. 3 (S.D. N.Y. 2000). These issues

require resolution in state, not federal, court.

Second, how New York courts will apply the State's version of the administrative

exemption from overtime remains unsettled. New York uses an unusual statutory scheme to

regulate overtime. A regulation, 12 NYCRR §142-2.14, contains exemptions from the definition

of "employee," including exemptions for executive, administrative or professional employees.

The tests for these exemptions incorporate concepts from federal law, but are not the same.

Employees can satisfy the state exemption from the definition of employee but not the federal

exemption from overtime. *Dingwall v. Friedman Fisher Associates, P.C.*, 3 F. Supp.2d 215

(N.D.N.Y. 1998)(plaintiff was exempt from overtime as professional under state but not federal

law). Another regulation, 12 NYCRR §142-2.2, provides that employers must pay employees

overtime in accordance with the Fair Labor Standards Act. Under New York law, certain

categories of employees who are covered by an FLSA exemption from overtime must be still

paid one and one-half times the minimum wage.

The New York definition of the administrative exemption, 12 NYCRR §142-2.14, has

three parts.

(a) The New York primary duties test is similar to the federal primary duties test. In

*Scott Wetzel Services, Inc. v. New York State Board of Industrial Appeals*, 252 A.D.2d 212 (App.

Div. 3d Dept. 1998), an intermediate level appeals court found that adjusters for a third party

6

administrator of workers' compensation claims were "production" workers under the FLSA definition incorporated in 12 NYCRR §142-2.2. Whether the New York courts will ultimately follow the increasingly repudiated production theory remains to be seen. Only the New York courts can resolve this issue.

(b)  The New York discretion and independent judgment test does not contain the "matters of significance" language contained in the Department of Labor's interpretation of the federal regulation. *Scott Wetzel, supra* did not address whether the adjusters satisfied the "discretion and independent judgment" prong of the exemption under the state or federal definition. What scope of authority satisfies the "discretion and independent judgment" standard, under New York's regulation, in the absence of the "matters of significance" test, remains to be seen. It is an issue for the New York courts to decide.

(c)  The New York regulation contains a third test which can be satisfied by showing that the employee "performs, under only general supervision, work along specialized or technical lines requiring special training, experience and knowledge." This language is part of the obsolete federal long test, but is not part of the short test. GEICO believes its adjusters satisfy this test, but it is ultimately another question that the New York courts would have to decide.

## B.    State law claims would predominate.

In addition, the state law claims would numerically predominate over the federal claims. The statute of limitations for overtime claims in New York is six years. During the last six years, GEICO has employed approximately 228 individuals as auto damage adjusters in the State of New York. Accordingly, from a purely numerical standpoint the alleged New York class claims predominate over the four federal plaintiffs. The ratio would change if the court allows plaintiffs to send notices of right to opt-in, however, the purpose of seeking a state law class is that it will

7

yield a much larger crop of plaintiffs than the notice of right to opt-in procedure. The state law

class is likely to continue to predominate. *De Asencio v. Tyson Foods, Inc.*, *supra* at 311 (size of

state law class caused it to predominate); *Jackson v. City of San Antonio*, 220 F.R.D. 55, 60

(W.D. Tex. 2003)(considering number of state law class members in declining supplemental

jurisdiction); *Zelaya v. J. M. Macias, Inc.*, *supra* at 783 ("The inclusion of a state law claim

involving over 100 plaintiffs with a separate federal law claim involving a separate, distinct and

smaller class cannot be permitted.").

### C.    There are other compelling reasons to decline jurisdiction.

There are three other compelling reasons for declining jurisdiction.

The first reason is that the attempt to bring state law claims under Rule 23 is an end run

around the Portal-to-Portal Act, which prohibits such class actions. 29 U.S.C. §216(b). *De

Asencio v. Tyson Foods, Inc.*, *supra* at 312 (citing "the general federal interest in opt-in wage

actions").

The second reason is that the New York named plaintiff had an opportunity to opt-into

the *Robinson-Smith* case shortly after it was filed. He did not do so, but waited until *Robinson-

Smith* was decided before making his move. Such wait and see tactics are discouraged, *Parklane

Hosiery Co. v. Shore*, 439 U.S. 322 (1979), and should not be rewarded.

The third reason is convenience. The witnesses and most of the records relevant to the

putative New York state class are located in New York State. Although the convenience is often

considered in connection with venue, it is also a factor in deciding whether to assert

supplemental jurisdiction. *Edmondson & Gallagher*, *supra* at 1266 (other compelling factors

include "judicial economy, convenience, fairness and comity").

8

**CONCLUSION**

Plaintiff McGruder seeks to "allow a federal tail to wag what is in substance a state dog." *De Asencio v. Tyson Foods, Inc., supra* at 309 (citation omitted).  Supplemental jurisdiction cannot be used in a FLSA case to take jurisdiction over a class alleging only state law claims. Even if such jurisdiction existed, its exercise has been found, in similar circumstances, to be an abuse of discretion under 1367(c).  *Id.*  For these reasons, the state law class claims should be dismissed.

August 10, 2004

Respectfully submitted,

/s/

_____

Bruce S. Harrison (Bar. #108415)
Eric Hemmendinger
SHAWE & ROSENTHAL, LLP
Sun Life Building
20 South Charles Street
Baltimore, MD 21201
(410) 752-1040

Daniel A. Cantor (Bar # 457115)
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004-1206
(202) 942-5000

Counsel for Defendant
Government Employees Insurance Company

103603

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Motion to Dismiss was filed and served electronically this 10th day of August, 2004 upon:

> Michael D. Hausfeld
> Charles E. Tompkins, Esq.
> COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
> 1100 New York Avenue, N.W.
> West Tower, Suite 500
> Washington, D.C. 20005-3934
>
> Thomas V. Urmy, Jr.
> Christine E. Morin
> Todd Heyman, Esq.
> SHAPIRO, HABER & URMY, L.L.P.
> 75 State Street
> Boston, MA 02109

/s/

_____

Eric Hemmendinger