## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE LINDSAY and ROBERT MCGRUDER **Individually And On Behalf of All Other Persons Similarly Situated**, Plaintiffs, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant. | Case No. 1:04-cv-01213-PLF Judge:  Paul L. Friedman |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Michael D. Hausfeld, D.C. Bar No. 153742
Charles E. Tompkins, D.C. Bar No. 459854
**COHEN, MILSTEIN, HAUSFELD**
**TOLL, P.L.L.C.**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005-3964
T:  (202) 408-4600
F:  (202) 408-4699

Thomas V. Urmy, Jr.
Todd Heyman
 **SHAPIRO, HABER & URMY, L.L.P.**
75 State Street
Boston, Massachusetts  02109
T:  (617) 439-3939
F:  (617) 439-0134

### COUNSEL FOR PLAINTIFFS AND THE PROPOSED CLASS

# TABLE OF CONTENTS

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.     This Court Has Supplemental Jurisdiction Over The New York State Law Claims
       of The New York Subclass . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       1.     The Plain Language of 28 U.S.C. § 1367(a) Affords This Court
              Jurisdiction Over Plaintiffs' New York State Law Claims.        . . . . . . 3

       2.     Exercising Jurisdiction Over The New York State Law Claims Is In
              Accord With The Legislative Purpose Of Both 28 U.S.C. § 1367(a) and
              The Portal-To-Portal Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B.     This Court Should Exercise Jurisdiction Over The New York State Law
       Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       1.     New York Law Is Not Unsettled, Novel or Complex On Any Issue
              Relevant To This Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       2.     State Law Claims Do Not Predominate Over Federal
              Law Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

       3.     GEICO's Remaining Reasons To Decline Jurisdiction Are
              Unpersuasive. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

i

## I.     INTRODUCTION

GEICO's argument that this Court lacks subject matter jurisdiction over the claims of the members of the proposed New York subclass is inconsistent with the plain language of 28 U.S.C. § 1367(a), which affords this Court supplemental jurisdiction over state law claims that form part of the same case or controversy as Plaintiffs' federal claims, including claims involving the addition of parties.  28 U.S.C. § 1367(a).  It is thus unsurprising that GEICO's position has been rejected by the weight of authority interpreting 28 U.S.C. § 1367(a) in the context of collective actions pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

Nor does GEICO's fallback position that this Court should refuse to exercise supplemental jurisdiction fare any better.  The FLSA class members and the members of the New York subclass will rely on nearly identical evidence, primarily located at GEICO headquarters in Chevy Chase, to prove their claims.  This Court already is familiar with much of that evidence as a result of the adjudication of *Robinson-Smith v. GEICO*, Civil Action No. 01-1340 (PLF) (D.D.C.) ("*Robinson-Smith*"), which involves nearly the same allegations as this action. Moreover, the New York law relied upon by the New York subclass incorporates the requirements of the FLSA.  As a result, severing the New York law claims would result in needless duplication of effort and increased costs, and would present the possibility of inconsistent results.  This Court should not pursue such a course.

## II.    PROCEDURAL HISTORY

Plaintiff Robinson-Smith filed a collective action complaint against GEICO in this Court on June 8, 2001.  *See* Compl., *Robinson-Smith v. GEICO*, No. 01-1340 (PLF) (D.D.C.), Dkt. #1 (attached hereto as Ex.1).  Mr. Robinson-Smith alleged, mis-classified him as an exempt administrative employee, and that he was entitled to unpaid overtime compensation and

liquidated damages. *Id.* at ¶¶9-26.  This Court subsequently found all AD Adjusters "similarly situated" within the meaning of 29 U.S.C. § 216(b), and authorized Plaintiff to send court-approved notice to all potential collective action members to afford them an opportunity to join the action.  *See* Mem. Op. And Order, *Robinson-Smith* , attached hereto as Ex. 2.

On July 1, 2004, following extensive discovery and exhaustive briefing in *Robinson-Smith*, this Court found that AD Adjusters are entitled to overtime pay.  *See* July 1, 2004 Order, *Robinson-Smith* (attached hereto as Ex. 3).  Following this decision, GEICO began converting its AD Adjusters to non-exempt status and paying them overtime.  *See* Def.'s Reply in Supp. Of Its Mot. For Certification For Interlocutory Appeal, Dkt. #121, at 4.

On July 19, 2004, Plaintiffs Christine Lindsay and Robert McGruder filed the instant action.  *See* Compl., attached hereto as Ex. 4.  Like Mr. Robinson-Smith, Plaintiffs Lindsay and McGruder are AD Adjusters who allege, on behalf of all AD Adjusters nationwide that GEICO willfully has mis-classified them as exempt administrative employees, and that they are entitled to unpaid overtime compensation and liquidated damages under the FLSA.  *Id.* at ¶1.  In addition, Plaintiff McGruder, on behalf of all AD Adjusters in New York, alleges that GEICO's refusal to pay its AD Adjusters overtime violates New York state law.  *Id.* at ¶¶35-47.[1]  Because Plaintiffs Lindsay and McGruder's allegations mirror those of Plaintiff Robinson-Smith, Lindsay and McGruder filed this action as a related case to *Robinson-Smith*. *Id.* at ¶9.

_____

[1]  Plaintiffs Lindsay and McGruder also allege that GEICO has willfully utilized a timekeeping system designed to understate the number of hours worked by AD Adjusters. *Id.* at ¶2.

## III.    ARGUMENT

### A.    This Court Has Supplemental Jurisdiction Over The New York State Law Claims of The New York Subclass.

#### 1.    The Plain Language of 28 U.S.C. § 1367(a) Affords This Court Jurisdiction Over Plaintiffs' New York State Law Claims.

Plaintiffs allege that the nature of AD Adjusters' job duties entitles AD Adjusters to overtime pay under the FLSA. *See* Compl., at ¶27. Plaintiff McGruder also alleges that the nature of AD Adjusters' job duties entitles AD Adjusters in New York to overtime pay under New York Labor Law Section 663. *See* id., at ¶39. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). *See* 28 U.S.C. § 1331. In addition, because Plaintiff McGruder's New York law claim forms part of the same "case or controversy" as Plaintiffs' FLSA claim,[2] the plain language of 28 U.S.C. § 1367 affords this Court supplemental jurisdiction over Plaintiff McGruder's claim. *See* 28 U.S.C. § 1367(a).[3] This ends the jurisdictional inquiry. *See* id.; *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous, . . . judicial inquiry is complete.").

Given the plain language of 28 U.S.C. § 1367(a), it is unsurprising that "[t]he clear weight of authority is in favor of exercising supplemental jurisdiction" over related state law

---

[2] GEICO apparently does not contest that Plaintiffs' federal and New York state law claims are part of the same "case or controversy." This is understandable. "Where the same acts violate parallel federal and state laws, the common nucleus of operative fact is obvious." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003)(internal citations omitted).

[3] 28 U.S.C. § 1367(a) provides, in relevant part, that federal courts shall have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction *shall include* claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a) (emphasis added).

employment claims brought alongside FLSA collective actions. *Goldman v. RadioShack Corp.*, No. Civ. A. 2:03-CV-0032, 2003 WL 21250571, at *4 (E.D. Pa. April 16, 2003) (exercising supplemental jurisdiction over Pennsylvania state law class action claims brought with FLSA collective action); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 92-96 (S.D.N.Y. 2001) (exercising supplemental jurisdiction over New York state law class action employment claims brought with FLSA collective action); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001) (same with regard to North Carolina state law class action employment claims); *Kelley v. SBC, Inc., Pac. Telesys Group*, 5 Wage & Hour Cas. 2d (BNA) 16, No. 97-CV-2729 CW, 1998 U.S. Dist LEXIS 18643, *38-39 (N.D. Cal.  Nov. 13, 1998) (same with regard to California state law class action employment claims).[4]

GEICO primarily relies on *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1036-37 (8th Cir. 1999), and *Bartleson v. Winnebago Indus., Inc.*, 219 F.R.D. 629 (N.D. Iowa 2003), in support of its contention that there is no supplemental jurisdiction over the New York state law claims.  *See* Memorandum In Supp. Of Mot. To Dismiss, ("Memorandum"), at 3.  But *Fielder* is distinguishable, and *Bartleson* was mistaken when it extended the holding of *Fielder* into the realm of FLSA collective actions with related state law claims.  *See In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.,* 105 F. Supp.2d 1037, 1043 (D. Minn. 2000) ("*Lutheran*

---

[4] *See also Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261 (D. Conn. 2002) (certifying FLSA opt-in and Rule 23 opt-out classes without limiting opt-out class to only opt-in members); *O'Brien v. Encotech Constr. Servs.*, 203 F.R.D. 346, 350-351 (same); *Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351 (S.D.N.Y. 1999) (same).  Indeed, even *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308, 309-312 (3d Cir. 2003), on which GEICO otherwise heavily relies, found supplemental jurisdiction over the pendent state law claims, but deemed the exercise of that jurisdiction an abuse of discretion primarily because plaintiffs' pendent state law contract claims were considerably different than Plaintiffs' FLSA claims.  *Id.* at 309-312.

*Bhd.*") (jurisdictional holding of *Fielder* applicable only where district court is affirmatively

forbidden from exercising supplemental jurisdiction); *Chavez v. IBP, Inc.*, No CT-01-5093-EFS,

2002 WL 31662302, at *1 (E.D. Wash. Oct. 28, 2002) (jurisdictional holding of *Fielder*

applicable only where there are "two wholly distinct classes" rather than overlapping classes).

In *Fielder*, plaintiffs alleged on behalf of subclasses that they were overcharged on fees

and interest in automobile transactions. *Fielder*, 188 F.3d at 1033. The district court certified

two distinct classes, one class seeking relief under the Truth in Lending Act, 15 U.S.C. §§ 1601

*et seq.*, and a separate class seeking injunctive relief pursuant to Missouri state law (the "interest

overcharge class"). *See id.* The district court ruled in favor of the interest overcharge class, and

ordered that the defendants amend certain prior state court judgments in favor of defendants to

eliminate the excess interest charges included in those judgments. *Id.* at 1035.

The Eighth Circuit reversed the grant of injunctive relief, reasoning that the *Rooker-*

*Feldman* doctrine deprived the lower court of jurisdiction to grant the relief.[5] *Id.* at 1036.

Moreover, because the *Rooker-Feldman* doctrine prevented the exercise of supplemental

jurisdiction over the claims of the interest overcharge class, and "the interest overcharge class

ha[d] asserted no federal question claims," the Eight Circuit ordered that the claims of the

interest overcharge class be severed and remanded to Missouri state court. *Id.* at 1036-37.

*Fielder* is thus distinguishable on at least two grounds. First, in *Fielder* the *Rooker-*

*Feldman* doctrine affirmatively barred the district court from exercising supplemental

---

[5] The *Rooker-Feldman* doctrine deprives federal courts of jurisdiction to hear claims "inextricably intertwined" with claims previously adjudicated in state court. S*ee Fielder*, 188 F.3d at 1034; *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

jurisdiction over the plaintiffs' state law claims for injunctive relief. *Id.* at 1036; *see Lutheran Bhd.*, 105 F. Supp.2d at 1043.  "Because the district court was *forbidden* from exercising jurisdiction over the state law claims in these circumstances, the only option available was remand of these claims to state court." *Lutheran Bhd.*, 105 F. Supp.2d at 1043 (emphasis in original).  In this action, in contrast, there is no affirmative bar to the exercise of supplemental jurisdiction over the New York state law claims. *Id.* at 1043 (In *Fielder*, "the district court's discretion to exercise jurisdiction over the state law claims was not an issue; its very power do so was the question.  As such, *Fielder* offers little constructive counsel on this point.").

Second, the two classes in *Fielder* were entirely separate classes, rather than the overlapping classes here. *See Chavez*, 2002 WL 31662302, at *1.  Where "the second class is not distinct from the first class because all members of the first class are also members of the second class . . . *Fielder* does not apply because there are not two [separate] classes." *Id. Accord De Asencio*, 342 F.3d at 308 (finding supplemental jurisdiction over related state law class action claims in the context of an FLSA collective action); *Goldman*, 2003 WL 21250571, at *4 (same); *Ansoumana*, 201 F.R.D. at 92-96 (same); *Beltran-Benitez*, 180 F. Supp.2d at 774 (same); *Kelley,* 1998 U.S. Dist LEXIS 18643, at *38-39 (same).

The only case GEICO cites that has adopted the reasoning of *Fielder* in the context of overlapping FLSA and state law classes is *Bartleson v. Winnebago Indus., Inc.*, 219 F.R.D. 629.  But the court in *Bartleson* incorrectly read *Fielder* to stand for the broad proposition that each class member must have independent federal question jurisdiction in order to be in federal court. *Bartleson*, 219 F.R.D. at 636.  Such a broad reading of *Fielder* simply cannot be reconciled with the plain language of 28 U.S.C. § 1367(a), which states that "supplemental jurisdiction *shall*

6

*include* claims that involve the joinder or intervention of additional parties." *See* 28 U.S.C. § 1367(a) (emphasis added). This language makes it clear that every party need *not* have an independent basis of federal jurisdiction, so long as the claim of each party forms part of the same case or controversy. *See id.*; *Ansoumana*, 201 F.R.D. at 92.[6] The court in *Bartleson* was thus plainly mistaken in adopting such a broad reading of *Fielder*.

> **2.    Exercising Jurisdiction Over The New York State Law Claims Is In Accord With The Legislative Purpose Of Both 28 U.S.C. § 1367(a) and The Portal-To-Portal Act.**

GEICO's only remaining argument in favor of its position that this Court does not have jurisdiction over the New York state law clams is its contention that supplemental jurisdiction would run contrary to the purpose of the opt-in provisions of the Portal-to-Portal Act, 29 U.S.C. § 216(b). Memorandum at 3.[7] First, this point, even if accurate, is irrelevant given the plain language of 28 U.S.C. § 1367(a). *See Conn. Nat'l Bank*, 503 U.S. at 254 ("When the words of a statute are unambiguous, . . . judicial inquiry is complete.").

---

[6] Indeed, it is widely accepted that 28 U.S.C. § 1367 was enacted precisely to *overcome* restrictions on pendent party jurisdiction enunciated by the Supreme Court in *Finley v. United States*, 490 U.S. 545 (1989). *See Ansoumana*, 201 F.R.D. at 92, and authorities discussed therein.

[7] GEICO primarily relies on *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490 (N.D. Ill. March 7, 2001), in support of this proposition. Memorandum at 3. *Rodriguez*, however, was merely an advisory memorandum in which the Court, based on what it termed "brief research," and without the benefit of briefing by either party, stated its preliminary views regarding jurisdiction and notified the parties as to issues to be addressed at a future hearing. *Id.* at *1-2. Subsequent courts that have fully considered the issue have almost uniformly rejected the initial reactions of the court in *Rodriguez*. *See infra* at pp. 4-5. Similarly, the other case GEICO cites, *Zelaya v. J.M. Macias, Inc.*, 999 F. Supp. 778 (E.D.N.C. 1998), "has not received a welcome reception in federal courts" and "has not been followed." *Goldman*, 2003 WL 21250571, at *4 (collecting authorities that have rejected *Zelaya*).

Second, GEICO's argument misapprehends the purpose of the opt-in provision of the

Portal-to-Portal Act.  That purpose was to ban acts brought by *non-employees* on behalf of

employees with no knowledge of the litigation.  *See United States v. Cook*, 795 F.2d 987, 992-

993 (D.C. Cir. 1986) (*citing* 93 Cong. Rec. 2182, Remarks of Sen. Donnell).   As Senator

Donnell, chairman of the subcommittee which conducted hearings on the Portal-to-Portal Act,

explained:

> In the first case, an employee, a man who is working for X steel company can sue for
> himself and other employees.  We see no objection to that.  But the second class of cases,
> namely cases in which *an outsider*, perhaps someone who is desirous of stirring up
> litigation *without being an employee at all*, is permitted to be the plaintiff in the case . . .
> should not be permitted under the law.

93 Cong. Rec. 2182 (remarks of Sen. Donnell) (emphasis supplied).  Plaintiff McGruder is a

current GEICO employee who seeks to represent himself and other New York AD Adjusters.

Nothing about such an action is contrary to the purpose of the Portal-to-Portal Act.  *See id.*; *see*

*also Pesantez v. Boyle Envtl Servs., Inc.*, 251 A.D.2d 11 (N.Y. App. Div. 1st Dept. 1998)

(permitting class actions to enforce New York overtime law).

Third, regardless of the purpose of the Portal-to-Portal Act, it is clear that Congress

enacted 28 U.S.C. § 1367(a) to expand federal jurisdiction to permit federal courts to "exercise

pendent jurisdiction over parties without an independent federal jurisdictional basis."

*Ansoumana*, 201 F.R.D. at 92 (*quoting* Federal Courts Study Committee Report 47).  *See also*

13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Practice and Procedure §

3567.2 (A primary purpose of 28 U.S.C. § 1367(a) was to make it clear that in federal-question

cases pendent-party jurisdiction is permissible).  A determination that this Court does not have

supplemental jurisdiction over the New York state law claims would run directly contrary to that purpose.

**B.      This Court Should Exercise Jurisdiction Over The New York State Law Claims.**

GEICO's alternate argument is that this Court should decline to exercise the jurisdiction granted it by 28 U.S.C. § 1367(a).  Memorandum at 4.  GEICO contends: (1) that unsettled issues of New York State law counsel against the assertion of jurisdiction; (2) that the members of the state law subclass would numerically predominate over members of the collective action; and (3) that other considerations, such as the supposed "purpose" of the Portal-to-Portal Act and convenience, favor declining supplemental jurisdiction.  *Id.* at 4-8.  The first argument overstates the complexity of New York law and has been rejected by courts in nearly identical circumstances, the second is both irrelevant and likely incorrect, and the third is based upon a misunderstanding of the Portal-to-Portal Act.

**1.      New York Law Is Not Unsettled, Novel or Complex On Any Issue Relevant To This Action.**

GEICO alleges that New York law is unsettled as to (1) whether Plaintiffs may maintain a class action to enforce New York wage law; and (2) the scope of the New York equivalent to the FLSA's administrative exemption.   Both arguments are legally incorrect.  Rather, as the court in *Ansoumana* held when confronted with nearly identical arguments, "the [New York] Minimum Wage Act claim is neither so 'novel or complex' as to suggest that [the Court] should decline to exercise supplemental jurisdiction."  *Ansoumana*, 201 F.R.D. at 95.  *See also Wright v. Argo Secs.*, No. 99-CIV. 9115 (CSH), 2001 WL 1035139, at *5 n.5 (S.D.N.Y. Sept. 7, 2001)

(describing similarities between New York and federal regulations governing the administrative exemption).

First, class actions to enforce New York Labor Law § 198, Subd. 1-a and Section 663 are permissible so long as the Plaintiffs "waive any right to recover liquidated damages as a condition of being certified as a class; any who object may opt out of the class." *Ansoumana*, 201 F.R.D. at 95 (*citing Pesantez*, 251 A.D.2d 11; *Weinberg v. Hertz Corp.*, 116 A.D.2d 1,6 (N.Y. App. Div. 1st Dept. 1986); *SuperGlue Corp. v. Avis Rent A Car Sys., Inc.*, 132 A.D.2d 604, 606 (N.Y. App. Div. 2d Dept. 1987)).   Contrary to GEICO's suggestion, there is no disagreement among New York appellate courts regarding the propriety of this procedure. *See Pesantez*, 251 A.D.2d 11 (permitting waiver and opt out); *Weinberg*, 116 A.D.2d 1,6 (same); *SuperGlue Corp.*, 132 A.2d at 606 (same).[8]  Accordingly, Plaintiffs and the class will waive their right to seek liquidated damages, and class members who do not wish to agree to such a waiver may opt-out of the class.[9]  This renders a class action permissible.

_____

[8]  While GEICO cites some New York trial court decisions that have disapproved of waivers of liquidated damages, all three New York state appellate courts to reach the issue have permitted waiver, and the earlier lower court cases that have not permitted waiver have been criticized by New York commentators.  *See Ansoumana*, 201 F.R.D. at 94-95 (discussing New York law on waiver of liquidated damages and recognizing that *Pesantez*, 251 A.D.2d 11, which allowed waiver, effectively overruled *Hauptman v. Helena Rubinstein, Inc.*, 452 N.Y.S. 2d 989 (Sup. Ct. N.Y. County 1981), on which GEICO relies (*see* Memorandum at 6)).  *See also* 3 Weinstein, Korn & Miller, New York Civil Practice ¶901.22 (reasoning of *Hauptman* "strained").

[9]  Because New York law permits liquidated damages in an amount equal to only 25% of the employees' lost wages, *see* New York Labor Law Section 663, waiver of these damages as a condition to recovering lost wages is unlikely to be troubling to most class members given the size of their claims and the difficulty and expense of individual litigation against a company with GEICO's resources.

Second, GEICO's suggestion that the relevant requirements of the New York administrative exemption differ significantly from the federal administrative exemption is incorrect. On the contrary, "[r]eview of New York state regulations [relevant to the exemption inquiry] reveals that they are substantially similar to the federal scheme." *Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp.2d 85, 87 n.1 (N.D.N.Y. 1999). Indeed, as GEICO concedes elsewhere, New York law requires that employers "must pay employees overtime in accordance with the Fair Labor Standards Act." Memorandum at 6. Moreover, NYCCR § 142-2.2 specifically provides that employers must pay their employees "in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended."[10]

Not surprisingly given this guideline, New York regulations simply adopt various FLSA exemption regulations. For example, as GEICO concedes, the "production worker" test under New York law is identical to the "production worker" test contained in the regulations implementing the FLSA in effect until the amendments of this year. *See* Memorandum at 6-7; *compare* 12 NY ADC 142 2.14(c)(4)(ii)(a) *with* 29 C.F.R. § 541.205(c) (using identical language).[11]

---

[10] Section 13 of the FLSA contains the administrative exemption at issue here. *See* 29 U.S.C. § 213(a)(1).

[11] GEICO is correct that New York exemption regulations track the FLSA exemption regulations prior to the 2004 revisions to the federal regulations. *See* Memorandum, at 6-7. This does not, however, render New York law "unsettled." *See id.* To the contrary, because New York regulations track the old FLSA regulations, this Court properly may rely on federal case law to interpret the New York regulations. *See, e.g., Debejian*, 64 F.Supp. 2d at 87 n.1 (relying on federal case law to interpret New York exemption regulations); *Wright*, 2001 WL 1035139, at *5 n.5 (same); *Dingwall v. Friedman Fisher Assoc.*, 3 F. Supp.2d 215, 221 (N.D.N.Y. 1998) (same).

Similarly, the "specialized training" criterion contained in the New York administrative exemption regulations, which GEICO identifies as being absent from the federal administrative exemption test applicable to AD Adjusters, *see* Memorandum at 7, is identical to the "specialized training" criterion found in the federal "long test" for the administrative exemption. *Compare* 12 NY ADC 142-2.14(c)(4)(ii)(c) *with* 29 C.F.R. § 541.2(a)(2) (using identical language). The only difference is that in New York this test must be met by employees who earn *more than* $386.50 per week, while under the FLSA the tests is applicable only to those employees who make *less than* $250.00 a week. *Id.*; *Wright*, 2001 WL 1035139, at *5 n.5

The same is true with regard to the New York "discretion and independent judgment" test, which requires that employees "customarily and regularly" exercise discretion but omits the "matters of significance" language contained in the FLSA "short test" for the administrative exemption. *See* 12 NY ADC 142-2.14(c)(4)(ii)(b). The New York "discretion and independent judgment" test is identical to the "discretion and independent judgment" test contained in the federal "long test" applicable to employees who earn less than $250.00 per week. *Compare* 12 NY ADC 142-2.14(c)(4)(ii)(b) *with*  29 C.F.R. § 541.2(b) (using identical language).

In short, contrary to GEICO's suggestion, New York and Federal exemption law are quite similar. The primary difference is that New York has tightened its exemption requirements by deeming federal exemptions applicable only to very low wage employees to be applicable to higher wage New York employees. *Compare generally* 12 NY ADC 142-2.14(c) *with* 29 C.F.R. § 541.2; *see also Wright*, 2001 WL 1035139, at *5 n.5. There certainly are no differences

12

between New York and federal exemption requirements that would justify declining to exercise supplemental jurisdiction over the New York law claims. *See Ansoumana*, 201 F.R.D. at 95.[12]

## 2.   State Law Claims Do Not Predominate Over Federal Law Claims.

State law claims should be found to 'substantially predominate' over federal claims only "where a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966); *see* 28 U.S.C. § 1367(c)(2).[13]   Thus, federal courts should decline to exercise supplemental jurisdiction over related state law claims only where "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995).  This certainly is not the case here.

Plaintiffs seek relief on behalf of a nationwide class of AD Adjusters who allege that they were mis-classified as exempt from the FLSA. *See* Complaint, at ¶1.  In addition, Plaintiff McGruder, on behalf of AD Adjusters in New York, alleges that GEICO's refusal to pay overtime violates New York state law. *Id.* at ¶¶35-47.  Because the applicable federal and New York regulations are very similar, Plaintiffs will rely on similar proof to further both their federal

---

[12] GEICO's citation to *Dingwall*, 3 F. Supp.2d 215, in support of its position that the New York and federal exemption tests are different is misleading in the context of this action. *See* Memorandum at 6.  The court in *Dingwall* recognized that the "duties tests" contained in the New York and FLSA implementing regulations are "essentially identical," but noted that New York regulations do not include the "salary basis" test contained in the FLSA exemption regulations. *Id.* at 220.  The "salary basis" test, however, is not at issue in this action, meaning that this difference is irrelevant to this Court.

[13] 28 U.S.C. § 1367(c) "codifies" the jurisdictional principles set forth in *Gibbs* and its progeny. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

13

and their New York claims. S*ee supra* at pp. 10-13. The only difference is that Plaintiffs collectively seek relief on behalf of a broader group of employees than does Plaintiff McGruder alone. Under such circumstances, it is difficult to comprehend how this action could fairly be described as a case in which the federal tail is wagging the state law dog. *See Borough of W. Mifflin*, 45 F.3d at 789.

Nevertheless, GEICO argues that state law claim substantially predominates over the federal claim because GEICO predicts that class members with state law claims might "numerically predominate" over collective action members with federal claims. *See* Memorandum at 8. The eventual number of members in the two classes is irrelevant, however, because the nationwide scope of the federal claim, as well as the similarity in proof in the federal and state law claims, ensures that the federal claim will not merely be an "appendage" to the state law claim. *Gibbs*, 383 U.S. at 727.

GEICO primarily relies on *De Asencio,* 342 F.3d at 308, 309-312, in support of its position that the number of state law subclass members is relevant. *See* Memorandum at 8. But in *De Asencio*, the Third Circuit deemed the exercise of supplemental jurisdiction inappropriate primarily because of differences in the "terms of proof and the scope of the issues raised in the FLSA and [state law] actions."[14] *Id.* at 309. Here, as discussed above, the terms of proof and the scope of the issues in the two claims are nearly identical, because the exemption analyses under

---

[14] Moreover, the disparity in size between the state law subclass and the FLSA collective action was much greater in *De Asencio* than likely will be the case here. *See infra* at 16. In *De Asencio*, the state law subclass outnumbered the FLSA class by almost 10 to 1. *De Asencio*, 342 F.3d at 310. The same is true of *Jackson v. City of San Antonio*, 220 F.R.D. 55 (W.D. Tex. 2003), on which GEICO also relies. *See id.* at 60 (190 FLSA collective action members versus approximately 2000 potential state law class members).

14

the FLSA and New York wage law are nearly identical. *See supra* at pp. 13-14. *De Asencio* is thus inapposite.

In any event, it is very unlikely that the New York subclass actually will outnumber the members of the collective action, assuming this Court permits notice to potential collective action members.[15] GEICO states that there approximately 228 individuals in the New York subclass. Memorandum at 7. In *Robinson-Smith*, a nationwide collective action also before this Court, approximately 280 AD Adjusters filed consents to join the action. If a similar number of AD Adjusters join this action, the members of the collective action will numerically predominate over the members of the New York state subclass, rendering GEICO's purported concern moot.[16]

### 3.   GEICO's Remaining Reasons To Decline Jurisdiction Are Unpersuasive.

GEICO's final arguments against the exercise of jurisdiction are: (1) that the exercise of supplemental jurisdiction is contrary to the purpose of the Portal-to-Portal Act; (2) that it is somehow unfair to permit Plaintiff McGruder to proceed in this forum because he did not join *Robinson-Smith*; and (3) that the witnesses and records relevant to the New York subclass are located in New York State. *See* Memorandum at 8. The first point has been addressed at pp.9-10, *infra*, and will not be re-addressed here.

The second point is unpersuasive for a variety of reasons. First, the law is plain that Plaintiff McGruder's decision not to join *Robinson-Smith* has no effect whatsoever on his ability

---

[15] Plaintiffs intend to move for Court-supervised notice to other potential collective action members before August 27, 2004.

[16] In fact, it is likely that more adjusters will elect to join this action than joined *Robinson-Smith*, because this Court has now determined that AD Adjusters are entitled to overtime pay. *See* July 1, 2004 Order, *Robinson-Smith*, Ex. 3.

to bring a collective action of his own in any forum in which venue lies, and GEICO cites no authority to the contrary. *See* 29 U.S.C. § 216(b). While GEICO derides Plaintiff McGruder's decision not to join *Robinson-Smith* as a "wait and see" tactic that "should not be rewarded," *see* Memorandum at 8, Congress has made it clear that employees should "have the opportunity to proceed collectively," and that failure to join a collective action has no preclusive effect on that opportunity. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Moreover, the decision not to join a collective action often is based on temporary circumstances, *e.g.*, an individual's financial situation, career goals, personal experiences with litigation, or assessment of the risk of retaliation. These circumstances obviously have nothing to do with taking a "wait and see" approach. To hold that an employee has only one chance to proceed collectively would invent a statutory provision that does not exist and create a policy that disadvantages employees and is inconsistent with common sense.

Nor is GEICO's final argument – convenience – any more persuasive. GEICO's headquarters is located in the Washington, D.C. area, *see* Complaint, at ¶13, and discovery in *Robinson-Smith* centered on the D.C. area. Even if certain witnesses or documents are located in New York, the minor inconvenience of travel to New York does not justify the massive inefficiencies associated with requiring two courts to simultaneously adjudicate nearly identical claims based on nearly identical facts. "If the related FLSA and [New York state law] claims were to be litigated in parallel fashion, in this Court and in the New York Supreme Court, there would be great potential for confusion of issues; considerable unnecessary costs, inefficiency and inconsistency of proceedings and results; and other problems inherent in parallel class action litigation." *Ansoumana*, 201 F.R.D. at 96. This Court should not require such a course.

## IV.     CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss should be denied.


Dated: August 23, 2004                          Respectfully submitted,

                                                  s/ Charles E. Tompkins
                                                Michael D. Hausfeld, D.C. Bar No. 153742
                                                Charles E. Tompkins, D.C. Bar No. 459854
                                                **COHEN, MILSTEIN, HAUSFELD
                                                & TOLL, P.L.L.C.**
                                                1100 New York Avenue, N.W.
                                                West Tower, Suite 500
                                                Washington, DC  20005-3934
                                                Telephone: (202) 408-4600
                                                Facsimile: (202) 408-4699

                                                – and –

                                                Thomas V. Urmy, Jr.
                                                Todd Heyman
                                                **SHAPIRO, HABER & URMY, LLP**
                                                75 State Street
                                                Boston, MA 02109
                                                Telephone: (617) 439-3939

17