UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINE LINDSAY, et al.

    Plaintiffs,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.

Case No. 1:04-cv—1213-PLF

**DEFENDANT'S REPLY TO
PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

1. **Section 216(b) prohibits taking jurisdiction over state law class members who do not file consents.**

The parties have presented the Court with an array of cases, some rejecting and some endorsing the concept that a federal court can exercise supplemental jurisdiction in a Fair Labor Standards Act case over a state law class action. A recent decision from the Northern District of Illinois, which GEICO only recently obtained, provides further helpful analysis. In *McClain v. Leona's Pizzeria*, 04-C-1913 (N.D. Ill. July 30, 2004)(copy attached), the court ruled that certification of a Rule 23 class claiming violations of the Illinois minimum wage law was improper. The court explained,

> We find that allowing McClain to use the supplemental state-law claims to certify an opt-out class in federal court would undermine Congress's intent to limit these types of claims to collective actions. McClain cannot circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar in substance to the FLSA that lack the opt in requirement.

*Id.* at 5. The court continued:

> Our holding is also supported by the scope of supplemental jurisdiction under 28 U.S.C. §1367(a)....[W]hile Section 1367(a) allows parties to join their state claims to federal claims where appropriate, it does not contemplate a plaintiff using supplemental jurisdiction to drag as many members as possible into what would otherwise be a federal collective action.

*Id.*[1]

Although *McClain* was decided in the context of a motion for class certification rather than a motion to dismiss, it highlights the point that under 29 U.S.C. § 216(b), only those individuals who affirmatively file written consents can participate in the lawsuit. Section 216(b) precludes the exercise of federal jurisdiction over the state law claims of putative class members who do not opt-in to the federal collective action.

Federal subject matter jurisdiction over a Fair Labor Standards Act action was created in 1938 by 29 U.S.C. § 216(b), which read,

> Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.[2]

In 1947, the Portal-to-Portal Act amended the FLSA to add the next sentence of § 216(b), which limits participation in such an action to those who file consents.

> No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

---

[1] Moreover, the court found, allowing a large state law class to be appended to a FLSA claim involving a small number of employees "would effectively 'allow[] a federal tail to wag what is in substances a state dog." *Id.* (citation omitted).

[2] As amended, this sentence now reads, "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in and Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

"The relevant amendment was for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 173 (1989).

The plain language of § 216(b) compels the conclusion that the consent requirement applies to state law claims within the action. By its express language, § 216(b) applies to "such action," which means the whole case, not just the federal claim. "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, __U.S.__, 124 S. Ct. 1756, 1761 (2004). The word "action" has an established meaning when used in connection with federal jurisdiction and procedure. Throughout the Judiciary Act[3] and the Federal Rules of Civil Procedure[4], the word "action" refers to the entire case, as distinguished from a claim or cause of action.

A related rule of statutory construction is that when Congress uses different words in related statutes, it means different things. *United States v. Bean*, 537 U.S. 71, 76 n.4 (2002). Here, Congress used different words in the same statute to mean different things. In the Portal-to-Portal Act, Congress used the word "action" to refer to an entire case, and the words "cause of action" to mean a specific claim for relief. Compare 29 U.S.C. §216(b)("action") with 29 U.S.C. § 255 ("cause of action"). If Congress meant for the

---

[3] See e.g., 28 U.S.C. §1367(a)("in any civil *action* of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other *claims* that are so related to *claims* in the *action* within original jurisdiction that....").

[4] Compare Rule 2 ("there shall be one form of action to be known as 'civil *action*') with Rule 18 (a party may join as many *claims* as it has against an opposing party).

consent requirement to apply only to the federal "cause of action," as opposed to the entire "action," it knew how to say so. Instead, Congress wrote a prohibition that applies to the entire case, wherever filed. The Fifth Circuit recently focused on § 216(b)'s use of the term "action" in a case involving the question whether consents filed under the initial complaint cover amendments adding federal causes of action. "We are bound by the intent of Congress, as expressed in the language of the statute…That plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole." *Prickett v. DeKalb County*, 348 F.3d 1294, 1297 (11th Cir. 2003). Accordingly, the consent requirement applies to the entire "action," not just the federal cause of action.

Section 216(b) cannot be evaded by arguing that only the class representative is required to be a "party plaintiff."[5] The consent requirement expressly applies to actions brought on behalf of "other employees similarly situated." Allowing a class action based solely on the consent of the class representative would nullify the consent requirement and permit opt-out class actions, exactly what the 1947 amendment expressly prevents. *Schmidt v. Fuller Brush Company*, 527 F.2d 532 (8th Cir. 1975)(writ of mandamus issued against Rule 23 class certification in FLSA case); *Lachapelle v. Owens-Illinois, Inc.*, 513

---

[5] That argument was erroneously accepted in one of the lead cases cited by plaintiff, *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 94 (S.D.N.Y. 2001)("The members of a class, however, are not parties."). *Ansoumana* fails to recognize that under §216(b), there can be no class composed of non-parties. "The relevant amendment was for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions." *Hoffmann-La Roche v. Sperling, supra* at 173.

F.2d 286, 288 (5th Cir. 1975)("There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b).").[6]

It is not plausible that Congress, in adopting the supplemental jurisdiction statute, 28 U.S.C. § 1367, intended to open the backdoor to state law class actions in cases where original jurisdiction is founded on § 216(b). The supplemental jurisdiction statute was adopted in 1990 for an entirely different purpose. 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3567.2. (Supp. 2004). There is no indication Congress intended to create a huge exception to the rule provided in § 216(b). Nor is it necessary to interpret § 1367 as perhaps inadvertently opening the backdoor to state law class actions. The statutes can be harmonized easily by allowing supplemental jurisdiction over state law claims, provided that written consent has been filed in accordance with § 216(b). That reading gives full effect to both statutes. It allows both original and supplemental jurisdiction to be exercised, subject to the procedural requirement, applicable to the action as a whole, that notices of consent be filed.

---

[6] In *Lachapelle*, the court noted,

> It has been suggested that Rule 23 and FSLA § 16(b), as it applies to ADEA, could be reconciled by reading the phrase "No employee shall be a party plaintiff . . . unless" as applying only to the named (Rule 23) representatives. Class Actions under the Age Discrimination in Employment Act: The Question is "Why not?", 23 Emory L.J. 831, 837 (1974). Such a reading, attractive if the objective is to make Rule 23 class actions available in ADEA suits, analytically has the effect of making the third sentence of § 16(b) a nullity, since the second sentence, alone, allows for representative actions and since any second-sentence plaintiff would be required to file a written consent to suit--the complaint. ADEA § 7(b) adopts all of FSLA § 16(b). Had Congress desired to read out the third sentence it could have done so. It has not, and we may not. Any argument that the inclusion of the consent requirement undercuts the broad remedial purposes of ADEA should be made to the legislature and not to the courts. Id. at 289, n. 10.

      **2.**      **Alternatively, the Court should decline to exercise supplemental jurisdiction over the state law class members who do not file consents.**

Plaintiff attempts to assure the Court that are no unsettled issues under New York law while at the same time arguing that severing the state law claims "would present the possibility of inconsistent results." Opp. at 1. The very reason there is a possibility of inconsistent results is that it is unsettled how New York courts would resolve the state law issues.

First, as a threshold matter, it is not settled whether waivers of liquidated damages are acceptable. Although several appellate division cases have allowed such waivers, trial courts continue to disagree, because the appellate division decisions cannot be squared with the Court of Appeals decision in *Carter v. Frito-Lay*, 74 A.D.2d 550, 425 N.Y.S.2d 115, *aff'd*, 52 N.Y.2d 994 (1980).

Second, while New York overtime regulations are similar to federal regulations, there are sufficient differences to require a different analysis and permit a different result. Most importantly, the New York regulations do not contain the "matters of significance" language contained in the federal regulations. Whether the New York courts would read the "matters of significance" test into the regulations remains to be seen. Likewise, what, if any, benchmark the court would adopt for deciding what level of significance is required is unknown. As the *Robinson-Smith* case shows, federal courts have reached different conclusions on this question under federal law.

## CONCLUSION

Section 216(b)'s requirement of individual consent precludes the Court from exercising supplemental jurisdiction over a Rule 23, opt-out, class action. Even if the Court had supplemental jurisdiction, it should decline to exercise it, in view of the

unsettled question of state law, predominance of the New York state law claims, and inconvenience of litigating a New York case in Washington, D.C.

August 30, 2004

                              Respectfully submitted,

                              /s/
                        _____
                        Bruce S. Harrison (Bar. #108415)
                        Eric Hemmendinger
                        SHAWE & ROSENTHAL, LLP
                        Sun Life Building
                        20 South Charles Street
                        Baltimore, MD 21201
                        (410) 752-1040

                        Daniel A. Cantor (Bar # 457115)
                        ARNOLD & PORTER LLP
                        555 12th Street, NW
                        Washington, DC 20004-1206
                        (202) 942-5000

                        Counsel for Defendant
                        Government Employees Insurance Company

104535

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Reply To Plaintiffs' Memorandum In Opposition To Defendant's Motion To Dismiss was filed and served electronically this 30th day of August, 2004 upon:

> Michael D. Hausfeld
> Charles E. Tompkins, Esq.
> COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
> 1100 New York Avenue, N.W.
> West Tower, Suite 500
> Washington, D.C. 20005-3934
>
> Thomas V. Urmy, Jr.
> Christine E. Morin
> Todd Heyman, Esq.
> SHAPIRO, HABER & URMY, L.L.P.
> 75 State Street
> Boston, MA 02109

/s/
_____
Eric Hemmendinger