**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                         |     |                          |
|-----------------------------------------|-----|--------------------------|
|                                         | *   |                          |
| **CHRISTINE LINDSAY, et al.**           | *   |                          |
|                                         | *   |                          |
| **Plaintiffs,**                         | *   |                          |
|                                         | *   |                          |
| **v.**                                  | *   | **Case No. 1:04-cv-1213-PLF** |
|                                         | *   |                          |
| **GOVERNMENT EMPLOYEES**                | *   |                          |
| **INSURANCE COMPANY,**                  | *   |                          |
|                                         | *   |                          |
| **Defendant.**                          | *   |                          |
|                                         | *   |                          |

**GEICO'S OPPOSITION TO MOTION FOR NOTICE TO POTENTIAL**
**COLLECTIVE ACTION MEMBERS AND CLASS CERTIFICATION[1]**

GEICO opposes plaintiffs' motion for collective action notice and certification of a New York state law class. Collective action notice should be denied because this is a duplicative action, brought by two named plaintiffs who had an opportunity to participate in *Robinson-Smith* but declined to do so. Given that plaintiffs rejected an earlier opportunity to participate in a collective action, they should not be permitted to expend the resources of the Court and GEICO replicating the process. If, however, notice is

---

[1] Defendant GEICO has filed a motion for leave to take discovery prior to responding to plaintiffs' motion for collective action notice and class certification. GEICO continues to believe that such discovery is necessary. *See Chateau de Ville Prods., Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978); *see also In re American Med. Sys., Inc.*, 75 F.3d 1068, 1079 (6th Cir. 1996) ("'The parties should be afforded an opportunity to present evidence on the maintainability of the class action.'") (internal citation omitted); *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 459 n.16 (11th Cir. 1996); However, in order to comply with the Local Rules, GEICO is filing this opposition now, without prejudice to its position. If discovery is granted, GEICO will supplement and refile this opposition.

granted, it should be limited to auto damage adjusters who did not receive the *Robinson-Smith* notice because they were not employed at the time such notice was distributed.

Certification of a New York state law Rule 23 class should be denied for a number of reasons.  <u>First</u>, 29 U.S.C. § 216(b) does not permit federal courts to exercise supplemental jurisdiction over the state law claims of individuals who do not also opt in to the federal FLSA claim.  <u>Second</u>, New York law expressly prohibits the certification of class actions seeking liquidated damages.  C.P.L.R. §901(b).  Plaintiff McGruder has not submitted an affidavit to this Court evidencing his willingness to waive liquidated damages.  Moreover, even if he did so on behalf of himself, each putative class member would have to manifest an affirmative intent to waive liquidated damages.  Such a waiver could not be inferred from the passive act of not opting out of a Rule 23 class.  <u>Third</u>, plaintiff McGruder has not demonstrated, as is his burden, that the proposed class would satisfy the typicality, predominance, adequacy of representation, superiority, and manageability requirements of Rule 23.

## I.      STATUS OF GEICO ADJUSTER CASES

On July 1, 2004, the Court issued a Memorandum and Order granting plaintiff's motion for summary judgment in *Robinson-Smith v. Government Employees Insurance Company*, Civil Action No. 01-1340.  On July 22, 2004, plaintiff's counsel filed a motion for additional collective action notices in that case.  On August 2, 2004, GEICO filed its opposition to that motion, pointing out that additional opt-in plaintiffs would not be covered by the summary judgment ruling, that their inclusion would complicate and delay resolution of the case, and that setting a new deadline for filing consents to

participate in the case would undermine the purpose served by the original deadline for such consents.  On September 2, 2004 the Court denied the motion.

On July 21, 2004, plaintiff's counsel in *Robinson-Smith* filed this companion action on behalf of two named plaintiffs.  Both of the named plaintiffs previously had received collective action notices in *Robinson-Smith* but declined to file written consents. The complaint in this action alleges that auto damage adjusters were misclassified as exempt from overtime under federal and New York state law.  It also alleges that plaintiffs were required to use a timekeeping system "intentionally designed to fail to record all hours that Plaintiffs work."  Complaint ¶¶ 20-21.

On August 10, 2004, GEICO filed a motion to dismiss the state law claims in this new action, arguing that the Court does not have supplemental jurisdiction over the state law claims of putative class members who do not opt-in to the federal cause of action. GEICO stressed that the jurisdictional statute specifically provides, "No employee shall be party to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  The consent requirement is not limited to federal claims.  The word "action" makes the consent requirement applicable to the entire case, not just the federal claim. GEICO further argued that even if the Court had supplemental jurisdiction, it should decline to exercise it, pursuant to 28 U.S.C. § 1367(c), because there are unsettled questions of New York state law relating to the availability of class actions and the state standard for the administrative exemption, because state law claims would predominate, and because it would be inconvenient to litigate a New York state law class claim in

federal court in Washington, D.C.  Plaintiff filed an opposition to GEICO's motion to dismiss on August 23, 2004 and GEICO replied to that opposition on August 30, 2004.

On August 27, 2004, before the Court had an opportunity to consider the motion to dismiss, plaintiff filed a motion for notice to potential collective action members, for class certification and for expedited consideration.  Below, GEICO responds to that motion to the extent it can without benefit of discovery.  The law and arguments pertaining to plaintiffs' motion overlap to a large extent with those discussed in GEICO's previous motion to dismiss and reply, which are specifically incorporated by reference.

## II.     ADDITIONAL COLLECTIVE ACTION NOTICE SHOULD BE DENIED.

### A.     Repeated collective action notices would foster duplicative litigation.

The purposes of a § 216(b) collective action include "avoiding a multiplicity of duplicative suits and setting cut off dates to expedite disposition of the action," as well as promoting the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [] activity."  *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170, 172 (1989).  Permitting the named plaintiffs to litigate this case as a collective action would conflict with, not further, these goals.  That is because both named plaintiffs were expressly invited to participate in the *Robinson-Smith* case but declined to do so.  While they are entitled to press their individual claims against GEICO, the named plaintiffs should not be permitted to expend the resources of the Court and GEICO using a

procedure that has already run its course.[2]  If successive collective actions involving the same claim were allowed, court-imposed cut-off dates would become meaningless. Collective action notice would no longer serve as a device for avoiding duplicative claims.  Such notice would quickly turn into nothing more than a device for soliciting claims, a purpose the Supreme Court expressly disclaimed.  *Id.* at 174 ("Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims.").

In addition, there is no evidence that a collective action is necessary to efficiently control a flood of related litigation. To the contrary, in the two months since the summary judgment decision was issued in *Robinson-Smith*, only one other follow-on action has been filed.  The other case was filed in New Mexico and involves two adjusters alleging violations of the FLSA and New Mexico state law.  *Schafer et al v. Government Employees Insurance Co.*, Civil No. 04-926 (D.N M. filed 8/17/04).

While there are compelling reasons not to grant a second collective action notice, if the Court nonetheless decides to allow one, the notice should be limited to those hired after the *Robinson-Smith* notice, for the reasons discussed above.  In addition, additional notice to people who received the earlier notice might create the erroneous impression that the Court was encouraging adjusters who chose not to join *Robinson-Smith* to reconsider their decision.

---

[2] Plaintiffs attempt to create the impression that a letter sent by GEICO to its auto damage adjusters at the beginning of the *Robinson-Smith* case might have dissuaded adjusters from opting in to that case.  *See* Pls' Br. at 5-6.  The most telling proof that this suggestion is baseless is that neither named plaintiff alleges that the letter had any impact on their election not to participate in *Robinson-Smith*.  Moreover, and again tellingly, no one has ever objected to GEICO's letter, which was filed with the Court at the time it was sent.

**B.     Plaintiffs Have Not Demonstrated That They Are Similarly Situated To Other GEICO Auto Damage Adjusters**

Plaintiffs' motion falls well short of demonstrating that this case can be maintained as a collective action.  His only argument appears to be that this Court found a collective action to be appropriate in *Robinson-Smith*.  But this is not *Robinson-Smith*. It is a different case involving different named plaintiffs about whom there has been no showing that they are appropriate leaders of a collective action.

GEICO respectfully submits that there are many reasons why a collective action is inappropriate, including that (a) plaintiff McGruder was placed by GEICO in a remedial program due to his inability to perform his job in a timely manner, (b) the amount of discretion and level of supervision varies among adjusters, and (c) determining the amount of damages, if any, is highly individualized.  These factors are discussed *infra* in connection with GEICO's discussion of the class action requirements.

Plaintiffs' argument that class notice is necessary to stop the running of the statute of limitations is misplaced.  The fact that the statute of limitations is running does not permit a court to give collective action treatment to a case where such treatment is inappropriate.  *See McClain v. Leona's Pizzeria*, Civil Action No. 05-C-1913 (N.D. Ill. July 30, 2004)(attachment to reply filed 8/30/04) (The legal operation of a statute of limitations does not create 'unfair prejudice.'").  *Hoffman-LaRoche* says nothing to the contrary.

**C.     The Notice Proposed By Plaintiffs Is Inappropriate**

Plaintiffs propose that the collective action notice they are requesting "would be substantively identical to the notice approved by the Court in *Robinson-Smith*, except that this notice should reference the Court's decision granting Plaintiff's motion for summary

judgment in that action."  Plfs' Br. at 4 n.1.  If the Court were to authorize notice, such notice should be far more comprehensive than plaintiffs suggest.  Such notice should inform recipients that (a) *Robinson-Smith* is not determinative of this case, and (b) the Court has certified *Robinson-Smith* for interlocutory appeal in light of the fact that, *inter alia*, substantial grounds for differences of opinion exist.  In addition, if the Court allows a collective action and a state law class action, some adjusters would have to receive opt-in and out-out notices.  Problems associated with such inconsistent notices are discussed below.

## III.    THE MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED.

### A.    The court should dismiss the state law claims on jurisdictional grounds.

To avoid repetition, GEICO incorporates by reference its previous argument (motion to dismiss and reply) that (a) this Court does not have supplemental jurisdiction over the state law claims of putative class members who do not opt in to the FLSA collective action, and (b) alternatively, the Court should decline to exercise supplemental jurisdiction over the state law claims.

### B.    29 U.S.C. § 216(b) does not permit a state law class action in this action.

GEICO also incorporates by reference its previous argument (motion to dismiss and reply) that 29 U.S.C. § 216(b) prohibits certification of a Rule 23 class in this entire "action," including state as well as federal causes of action. The importance of this point cannot be overstated.  The consent requirement cannot be evaded by pleading state claims.  By its plain language, the consent requirement applies to the entire "action," not just the federal claims in the action.

**C.      Class notice would be inconsistent with collective action notice.**

As a practical matter, if the Court were to permit a state law class action and a federal collective action, adjusters in New York during the last three years would receive notice informing them of their right to opt-in to the federal claim and opt-out of the state claim.  This would be unnecessarily cumbersome and confusing.  *Jackson v. City of San Antonio*, 220 F.R.D. 55, 60 (W.D. Tex. 2003)("the simultaneous management of the two 'irreconcilable' procedures for class formation is unwieldy, would detract from the efficient resolution of the substantive issue and, most importantly, is frowned upon by the Fifth Circuit.").  The court was referring to the Fifth Circuit's holding that,

> Rule 23(c) provides for "opt out" class actions.  FLSA § 16(b) allows as class members only those who "opt-in."  There two types of class actions are *mutually exclusive* and irreconcilable.

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975)(emphasis added).

Similarly, in *Thiebes v. Wal-Mart Stores, Inc*., 1999 WL 1081357, *4 (D. Or. 1999), the court declined to certify a class "for pragmatic reasons."  "I believe it would be difficult to fashion an effective notice to prospective class members that explains their opportunity to opt in to the FLSA collective action as well as their choice to opt out of the class action."  *Id.  See also De La Fuente v. FPM Ipsen Heat Treating Company*, 2002 WL 31819226 (N.D. Ill. 2002)(following *Thiebes*).  Because of the conflict between the two procedures and because the 216(b) procedure is mandatory, Rule 23 should yield the right of way.

**D.      The waiver mandated by New York law requires an affirmative consent.**

An additional reason to deny certification of a Rule 23 class is that under New York law, a class action, if available at all, requires a waiver of the right to claim

liquidated damages.[3]  Named plaintiff McGruder has not filed an affidavit stating that he is waiving his claim for liquidated damages, and therefore, he cannot pursue a class action under New York law.  Moreover, even if he did file such an affidavit, a waiver by all of the putative class members would also be necessary.  The putative class members may not share McGruder's interest in waiving their claims.  Such a waiver may be adverse to their interests, and call into question the adequacy of his representation.

In any event, New York law mandates that the waiver of the right to make a legal claim must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act.  *West End Interiors, Ltd. v. Aim Const. & Contracting Corp.*, 729 N.Y.S.2d 112 (1st Dept. 2001).  A "waiver is not effected by mere silence, delay or inaction." *Convest Consulting, Inc. v. W.R.S.B. Development Company*, 266 A.D. 2d 890, 698 N.Y.S. 2d 807 (4th Dept. 1999).  Given this affirmative waiver requirement, intent to waive cannot be inferred from putative class members' passive act of failing to opt out of a Rule 23 class.[4]  Both New York and federal law point in the same direction—

---

[3] In *Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550, 425 N.Y.S.2d 115, *aff'd*, 52 N.Y.2d 994 (1980), the only case on point which has reached New York's highest court, the Court of Appeals affirmed an Appellate Division holding that the wage-hour statute "does not contain the necessary clause allowing these [liquidated] damages to be recovered in a class action."

[4] Some New York courts have accepted offers to waive liquidated damages on behalf of the class.  *E.g. Jacobs v. Bloomingdale's Inc.*, 5/27/2003 N.Y.L.J 32 (col. 6)(Sup. Ct. Queens Cty., 2003), appeal pending in 2nd Dept.; *Pesanetz v. Boyle Invtl. Servs., Inc.*, 251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dept. 1998); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 94 (S.D.N.Y. 2001).  Other courts have refused to accept such waivers, citing, among other things, the availability of an enforcement action by the Industrial Commissioner as recognized in *Carter v. Frito-Lay.  See e.g., Hardy v. Stevens Travel Management, Inc*., No. 604044/98 (Sup. Ct. N.Y. Cty. 1999); *Woods v. Champion Courier, Inc.,* 10/9/98 N.Y.L.J. 26 (Col. 1)(Sup. Ct. N.Y. Cty. 1998).  *See also Hauptman v. Helena Rubinstein, Inc.*, 452 N.Y.S. 2d 989 (Sup. Ct. N.Y. Cty. 1981); *Foster v. Food Emporium*, 2000 WL 1737858 at n. 3 (S.D. N.Y. 2000).

employees should not be included in wage-hour class actions without express written consent.

### E.       This case is not appropriate for class certification.

Class actions are the "exception to the usual rule" that cases are conducted by and on behalf of only the individual named parties. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982). They do not alter the plaintiff's burden of proof, and they cannot be used to sacrifice procedural fairness. *See, e.g.*, *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 615 (1997).

The plaintiff has the burden of proving that each of the prerequisites for class certification are met. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *Castano v. American Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996). The Court cannot simply accept the plaintiff's allegations that the class requirements have been met. Rather, courts must conduct a "rigorous analysis" and "probe behind the pleadings" to determine that each requirement of Rule 23 has been satisfied. *Falcon*, 457 U.S. at 161; *In re American Med. System, Inc.*, *supra* (because a suit "is not maintainable as a class action by virtue of its designation as such in the pleadings," it "'may be necessary for the court to probe behind the pleadings'") (quoting *Falcon*, 457 U.S. at 160).

It is plaintiff's burden to "design[] a workable plan for trial embracing all claims and defenses prior to class certification. *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 459 (D.N.J. 1998). Here, plaintiff McGruder has not even attempted to provide a workable roadmap for resolving the case. Instead, he relies on conclusory statements that the requirements for class certification have been met.

### 1.      McGruder has not demonstrated that he is typical.

McGruder's claim is not "typical" of absent class members as required by Rule 23. The typicality requirement "'limit [s] the class claims to those fairly encompassed by the named plaintiffs' claims.'" *In re Am. Med. Sys.*, 75 F.3d at 1082 (quoting *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980)). The premise of the typicality requirement is that "as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. General Motors,* 133 F.3d 388, 399 (6th Cir. 1998). The typicality inquiry under Rule 23(a)(3) is more searching than the "similarly situated" test used under § 216(b). *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

McGruder is not the typical GEICO auto damage adjuster. His personnel file indicates that he had significant difficulties performing his work in a timely manner, and, as a result, he was placed on individually-crafted performance improvement plans in 2002 and 2004. *See* Exhibits 1 and 2 attached hereto. Pursuant to these plans, McGruder's supervisors added additional structure and oversight to McGruder's work that was not applicable to other GEICO auto damage adjusters. For example, as part of the 2002 performance improvement plan, McGruder's supervisor reviewed his work on a daily basis, limited the number of claims handled per day, and assigned McGruder to additional drive-in sessions for a period of time. *See* Exhibit 1 attached hereto. Given these unique circumstances surrounding McGruder, McGruder's employment with GEICO is not illustrative of other auto damage adjusters' employment with GEICO and thus cannot satisfy Rule 23's typicality requirement. *Bacon v. Honda of America Mfg. Inc.*, 370 F.3d 565 (6th Cir, 2004)(employee whose personal choices adversely affected promotions not typical of alleged promotion class).

2.      **Individual questions will predominate.**

a.      **The Liability Determination Requires Numerous Individualized Inquiries**

The United States Supreme Court emphasizes that the predominance criterion is "demanding." *Amchem*, 521 U.S. at 624.  It requires the court to analyze how a trial on the merits would proceed.  *See Castano v. American Tobacco Co.*, 84 F.3d at 744 (reversing certification where district court erred in failing to consider how plaintiffs' claims would be tried individually or on a class basis).  In part, this analysis is necessary to determine whether the Court can manage the interplay between those issues which must be adjudicated on an individualized basis and any common issues.  It is also necessary to preserve the due process rights of the parties under the United States Constitution.[5]

Determining whether an employee is exempt from overtime is by definition an individualized inquiry turning on "what an employee actually does on a day-to-day basis."[6]  Plaintiff falls short of demonstrating that his individual case can serve as a proxy for what hundreds of different adjusters throughout the State of New York do on a daily basis.  For example, different supervisors manage adjusters in different ways, allowing

---

[5] *Amchem*, 521 U.S. at 615 (quoting Advisory Comm. Notes to Rule 23); U.S. Constitution amend. XIV §1.

[6] *Ale v. TVA*, 269 F. 3d 680, 688 (6th Cir.  2001) (emphasis in original); *Bohn v. Park City Group*, 94 F. 3d 1457, 1461 (10th Cir. 1996) ("the inquiry into exempt status ... remains intensely fact bound and case specific."); *Mike v. Safeco Insurance Co. of America*, 274 F. Supp.2d 216,200 (D. Conn. 2003)( "Determining whether an employee is exempt is extremely individual and fact specific.").  See also 29 CFR § 542.201(b)(2) ("The exempt or nonexempt  status of any particular employee must be determined on the basis of whether his duties, responsibilities and salary meet all the requirements of the appropriate section of the regulations").

for different amounts of negotiating discretion and employing different levels of oversight.  As a result, it cannot be assumed that the discretion permitted by McGruder's supervisor is the same as that given to the hundreds of absent class members by their supervisors.

How an adjuster carries out his or her day-to-day activities can vary by geographic location within the State of New York.  For example, as a general matter, interactions between insurers and body shops in the New York City metropolitan area are more contentious then in certain other areas of the state, thus requiring adjusters to spend more time managing and negotiating with shops.

### b. Proof of Damages Is Inherently Individualized

It is well-settled that the need for individual proof of damages can defeat Rule 23(b)'s predominance requirement.[7]  Proof of damages in an FLSA overtime case is inherently individualized, for each class member is only entitled to recover for the amount of overtime worked by that class member.  The evidence concerning the named plaintiff's alleged damages will tell us absolutely nothing about the hours worked by the hundreds of other absent putative class members.  Nor can a formula or other mechanistic device be used to determine class-wide damages.  Under the circumstances, due process requires individual determinations.

---

[7] *See, e.g.*, *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 744-45 (5th Cir. 2003) ("Where the plaintiffs' damage claims 'focus almost entirely on facts and issues specific to individuals rather than the class as a whole,' the potential exists that the class action may 'degenerate in practice into multiple lawsuits separately tried.'  In such cases, class certification is inappropriate.") (internal citations omitted); *Lienhart v. Dryvit Sys, Inc.*, 255 F.3d 138, 147 (4th Cir. 2001) ("it is impermissible to determine damages on a classwide basis in order to facilitate class treatment of a case when the governing law requires individualized proof of damages.").

Plaintiff glosses over the amount of work and difficulty involved in determining damages. Hours worked are inherently individualized, depending largely on the individual adjuster's work habits.[8] Some, like McGruder, had trouble completing their work during normal working hours. Many others had no difficulty doing so. Because GEICO treated the adjusters as exempt from overtime, it did not record their working time, nor are there other records which would allow their working time to be reconstructed. Under the circumstances, measuring the claimed hours worked is likely to become a substantial undertaking in its own right. In the *Robinson-Smith* case, the parties could not agree on a procedure for resolving damages, but some measure of the task involved is provided by plaintiff's proposal for "the selection of 60 trial witnesses per side." Plaintiff's Reply in Support of Proposal of the Completion of Damages Discovery and the Adjudication of Damages, ¶4 in *Robinson-Smith*. Damage determinations would be especially difficult in New York State, where the limitations period is six years. Moreover, working conditions in New York State are extremely varied, ranging from New York City to rural upstate, making any generalizations about working time especially inappropriate. Under the circumstances, if liability is found, it is virtually inevitable that individual damage determinations will come to dominate this action, making class certification under Rule 23(b)(3) inappropriate.

---

[8] Courts have denied class or collective actions on this basis. *Bayles v. American Medical Response of Colorado*, 950 F. Supp. 1053 (D. Col. 1996) (court decertified sleep time claims because of factual variations); *Ray v. Motel 6 Operating*, 1996 U.S. Dist. LEXIS 22565 (D. Minn. 1996)("the amount of overtime hours worked varies between Plaintiffs, which demonstrates a lack of commonality for damages."); *St. Leger v. A.C. Neilson Co.*, 123 F.R.D. 567, 569 (1988)("Here each party would need to provide evidence as to his or her particular work hours."). See also, *Pfohl v. Farmers Ins. Group*, 2004 WL 554834 n. 4 (C.D. Cal. 2004)("To determine who was actually paid by the hour would require an individualized determination and review of pay records, and such an individualized inquiry is not the purpose of a collective action.").

The calculation of damages in this case is further complicated by plaintiffs' claim that they have already been paid for certain of their work above and beyond their weekly salaries.  *See* Amended Complaint ¶ 16 ("Plaintiffs also sometimes received additional compensation for certain types of work regardless of whether they had worked in excess of 40 hours per week.  For example, Plaintiffs sometimes received additional payments for working on Saturdays at a drive-in auto damage inspection facility, where damaged but operational automobiles were brought for inspection.").  Given this allegation, it will be necessary to determine for each class member not only the number of hours worked for the last six years but also the full amounts of supplemental payments already received.  The only way to accomplish this is on a class member-by-class member basis.

> ### c.      The allegation of improper timekeeping is individualized.

In addition to alleging that auto damage adjusters were misclassified as exempt, the complaint also alleges that GEICO's timekeeping method was intentionally designed to fail to record all hours worked.  GEICO does not understand this allegation and requires discovery before it is able to respond.

> ### 3.  A class action is not superior and manageable

All of the concerns discussed above come into play when considering whether a class action is superior and manageable, for purposes of Rule 23(b)(3).  Here, a class action conflicts with the consent requirement of § 216(b) and would require that adjusters in New York receive inconsistent opt-in and opt-out notices.  Moreover, a class action would have to be predicated on an implied waiver that might be against their interests. The named plaintiff has performance issues, which will put the spotlight on individual issues affect him, rather than issues common to the class her claims to represent.  Even if

liability issues could be resolved on a class basis, damages would require individualized determinations and would come to predominate.  All things considered, there are too many legal and factual difficulties to conclude that a class action is the superior method of resolving this case.

## CONCLUSION

In summary, GEICO respectfully requests that the Court deny Plaintiff's motion for notice for a second round of collective action notices.  Alternatively, GEICO requests that the Court limit such notices to adjusters who did not receive the notice in *Robinson-Smith* because they were not employed at that time.  GEICO further requests that Plaintiff's motion for a Rule 23 class action under New York law be denied.

Respectfully submitted,

/s/
_____

Bruce S. Harrison (Bar. #108415)
Eric Hemmendinger
SHAWE & ROSENTHAL, LLP
Sun Life Building
20 South Charles Street
Baltimore, MD 21201
(410) 752-1040


Daniel A. Cantor (Bar # 457115)
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004-1206
(202) 942-5000

Counsel for Defendant
Government Employees Insurance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Geico's Opposition to Motion for Notice to Potential Collective Action Members and Class Certification  was filed and served electronically this 7nd day of September, 2004 upon:

> Michael D. Hausfeld
> Charles E. Tompkins, Esq.
> COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
> 1100 New York Avenue, N.W.
> West Tower, Suite 500
> Washington, D.C. 20005-3934
>
> Thomas V. Urmy, Jr.
> Christine E. Morin
> Todd Heyman, Esq.
> SHAPIRO, HABER & URMY, L.L.P.
> 75 State Street
> Boston, MA 02109

/s/

_____

Eric Hemmendinger