UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
CHRISTINE LINDSAY, et al.,             )
                                       )
            Plaintiffs,                )
                                       )
    v.                                 )   Civil Action No. 04-1213 (PLF)
                                       )
GOVERNMENT EMPLOYEE INSURANCE          )
COMPANY,                               )
                                       )
            Defendant.                 )
_____)


MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiffs' motion for notice to potential collective action members and defendant's motion for limited discovery relating to plaintiffs' motion for notice of collection action.[1] Upon consideration of plaintiffs' motion for notice, defendant's opposition, and plaintiffs' reply and GEICO's motion for expedited discovery and plaintiffs' opposition, the Court concludes that plaintiffs' motion for notice should be granted and that defendant's motion for discovery prior to responding to plaintiffs' motion for notice is therefore moot.

This case is brought in part under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, et seq. The FLSA allows employees to pursue an action in a representative capacity on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). The FLSA

---

[1] Plaintiffs' motion for notice also included a motion for class certification with respect to the New York state law claims. Defendant has already filed a motion to dismiss the state law claims as well as a motion for discovery prior to responding to plaintiffs' motion for class certification. The issues surrounding the New York state law claims and class certification will be addressed later in a separate opinion.

requires that "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.  Plaintiffs seek to give notice of this lawsuit to other similarly situated persons to allow them to join this lawsuit and proceed as a collection action as authorized by Section 216(b) of the FLSA.

Because the Court has the authority to order defendant to produce the names and addresses of all individuals employed as Auto Damage Adjusters, the "central issue becomes whether plaintiff has adequately demonstrated that potential class members are similarly situated." See Robinson-Smith v. GEICO, 2001 U.S. Dist. LEXIS 25516, *5 (D.D.C. Nov. 16, 2001) ("Robinson-Smith").  A number of courts have utilized a two-tiered approach to certification determinations under Section 216(b), in which the trial court first determines at the "notice stage" whether notice of the action should be given to potential class members and then, if necessary, revisits the issue later.  See id.  The standard at the notice stage is more lenient and plaintiffs can demonstrate that they are similarly situated by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

Plaintiff maintains that there can be "no serious question" that named plaintiffs Linsday and McGruder are "similarly situated" to other GEICO Auto Damage Adjusters and Resident Auto Damage Adjusters.  See Plaintiffs' Motion for Notice to Potential Collective

Action Members and Class Certification and for Expedited Consideration ("Pl. Mot.") at 4.[2] Plaintiff argues that this Court has previously found Auto Damage Adjusters to be similarly situated in Robinson-Smith. See id. Defendant has requested limited discovery to determine whether the named plaintiffs are "similarly situated" for purposes of Section 216(b) and argues that they are not. See GEICO's Expedited Motion for Discovery Prior to Responding to Plaintiffs' Motion for Collective Action and Class Certification ("GEICO Disc. Mot.") at 1-2.[3] Defendant maintains that named plaintiff Robert McGruder was placed on a performance improvement plan because he was not completing his work in a timely manner and that named plaintiff Christine Lindsay resigned because she could not keep up with her workload. See id. at 2. Defendant argues that although in Robinson-Smith both sides were willing to treat Mr. Robinson-Smith as "more or less representative," the same is not true here. Id. at 3.[4] The Court is not convinced that the mere fact that the named plaintiffs allegedly had difficulty meeting

---

[2]   Plaintiffs also assert that time is of the essence because the statute of limitations is running against the putative class members. See id. at 9.

[3]   Defendant has, however, filed an opposition to plaintiff's motion for notice without the benefit of discovery. See GEICO Opposition to Motion for Notice to Potential Collective Action Members and Class Certification.

[4]   Defendant also argues that collective action notice should be denied because this action is duplicative of Robinson-Smith and the named plaintiffs had the opportunity to participate in Robinson-Smith, but declined to do so. See Def. Opp. at 1. Defendant maintains that because the purpose of a collective class action under Section 216(b) is to avoid "a multiplicity of duplicative suits" and to set "cut off dates to expedite the disposition of the action," Hoffmann-La Roche v. Sperling, 493 U.S. 165, 170, 172 (1989), permitting the named plaintiffs to litigate this case as a collective action would conflict with these goals. See Def. Opp. at 4. The Court disagrees. Defendant cites no law for the proposition that once one collective action has been approved, a subsequent collective action directed toward the same pool of plaintiffs cannot be brought. Even if the number of individual actions would be small, a second collective action still helps to avoid a "multiplicity of duplicative suits."

GEICO performance standards necessarily means that they are not "similarly situated" to other auto damage adjusters for purposes of determining their status as exempt or non-exempt. Given both this Court's decision in Robinson-Smith and plaintiffs' allegations in their complaint, the Court concludes that it is appropriate to grant plaintiffs' motion for collective action notice in this matter.

Defendant further requests that, if notice is granted, that it be limited to auto damage adjusters who did not receive notice in Robinson-Smith because they were not employed by GEICO at the time the notice was distributed. See id. at 2. The Court is not persuaded by this argument. Although it is, in fact, duplicative to notify again those auto damages adjusters who chose not to take part in Robinson-Smith, this is a new case and it would be inappropriate to exclude those potential plaintiffs who declined to take part in Robinson-Smith.

Plaintiff seeks notice in a form substantively identical to that authorized by this Court in Robinson-Smith, but including reference to the Court's decision in Robinson-Smith. See Pl. Mot. at 4; see also Robinson-Smith v. GEICO, 323 F. Supp. 2d 12 (D.D.C. 2004). Defendants suggest that if the Court authorizes notice, the notice should also include information stating that "(a) Robinson-Smith is not determinative of this case, and (b) the Court has certified Robinson-Smith for interlocutory appeal in light of the fact that, *inter alia*, substantial grounds for differences of opinion exist." See Def. Opp. at 7. The Court agrees that it would be inappropriate to notify potential plaintiffs of this Court's decision in Robinson-Smith without also explaining the procedural posture of that case. Accordingly, it is hereby

ORDERED that plaintiffs' motion for notice to potential collection action members and class certification [8] is GRANTED in part and DEFERRED in part; plaintiffs'

4

motion is GRANTED with respect to their motion for notice; plaintiffs' motion for class certification is DEFERRED pending resolution of defendant's motion to dismiss the state law claims; it is

FURTHER ORDERED that defendant shall provide plaintiffs with the names and last known addresses of all persons employed by defendant as auto damage adjusters at any time between August 26, 2000 and the date of this Order.  Plaintiffs shall submit a proposed notice to the Court that is substantially similar to the notice approved by this Court in <u>Robinson-Smith v. GEICO</u>, Civil Action No. 01-1340 (D.D.C.).  The notice shall also include reference to this Court's decision in <u>Robinson-Smith</u> and shall indicate that the Court has certified that decision for interlocutory appeal; it is

FURTHER ORDERED that defendant's motion for discovery prior to responding to plaintiffs' motion for collective action and class certification [11] is DENIED in part as moot; defendant's motion for discovery prior to responding to plaintiffs' motion for class certification is DEFERRED pending resolution of defendant's motion to dismiss the state law claims; and it is

FURTHER ORDERED that plaintiffs' motion for expedited consideration of plaintiffs' motion for notice to potential collective action members [22] is GRANTED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
DATE:                                             United States District Judge