UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINE LINDSAY, et al.,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant.

Civil Action No. 04-1213 (PLF)

FILED
DEC 2 3 2004
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiffs' New York state law class action claims and plaintiffs' motion for class certification. Plaintiffs have filed this action under the Fair Labor Standards Act as a collective action. Plaintiff Robert J. McGruder also seeks to represent a class of adjusters in New York state, alleging violations of New York state law, under Rule 23 of the Federal Rules of Civil Procedure. See Complaint at 11-12. Upon consideration of defendant's motion to dismiss, plaintiffs' opposition, defendant's reply, plaintiffs' supplemental authority and defendant's response, and plaintiff McGruder's motion for class certification, defendant's opposition, and plaintiff's reply, the Court concludes that defendant's motion to dismiss plaintiff McGruder's individual state law claims should be denied, and that plaintiff's motion for class certification should also be denied.

*A. Supplemental Jurisdiction over State Law Class*

Because a number of defendant's arguments for declining to exercise supplemental jurisdiction are relevant only if the Court agrees to certify a state law class, the Court will first address the question of supplemental jurisdiction in the context of a state law class certification. Defendant argues that supplemental jurisdiction does not apply to class members who do not opt in to the FLSA collective action. See Motion to Dismiss ("Mot.") at 2-4. Plaintiff maintains that "every party need not have an independent basis of federal jurisdiction so long as the claim of each party forms part of the same case or controversy." Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss at 7 (emphasis in original).

This Circuit has yet to address the question of supplemental jurisdiction in the context of a federal opt-in class and a state opt-out class. In other circuits, some courts have held that supplemental jurisdiction over state law claims extends only to those state law class members who have also asserted a FLSA claim. See Leuthold v. Destination America, Inc., 224 F.R.D. 462, 470 (N.D. Cal. 2004); McClain v. Leona's Pizzeria, Inc., Civil Action 04-1913, Memorandum Opinion and Order (N.D. Ill. July 30, 2004); Bartleson v. Winnebago, Inc., 219 F.R.D. 629, 637 (N.D. Iowa 2003). That is, each plaintiff must assert a claim with federal jurisdiction in addition to any state law claims. Other courts, however, have extended supplemental jurisdiction over an entire state law class, regardless of whether each individual member has opted into the FLSA class. See, e.g., McLaughlin v. Liberty Mutual Insurance Co., 224 F.R.D. 304, 308 (D. Mass. 2004); Goldman v. Radioshack Corp., No. Civ. A. 2:03-CV-0032, 2003 WL 21250571, *5 (E.D. Penn. April 16, 2003); Chavez v. IBP, Inc., 2002 WL

31662302, *1 (E.D. Wash. Oct. 28, 2002); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 94 (S.D.N.Y. 2001).

This Court agrees with those courts that have declined to extend jurisdiction to a opt-out state law class where federal jurisdiction stems only from an opt-in FLSA claim. There are "powerful policy considerations" that led Congress to amend the FLSA to require employees wishing to join FLSA actions to affirmatively opt-in via individual written consents. Rodriquez v. The Texan, Inc., 2001 WL 1829490, *2 (N.D. Ill. March 7, 2001) ("[T]his Court harbors serious reservations (really an understatement) as to conventional class action treatment in this instance.") "[T]he policy behind requiring FLSA plaintiffs to opt in to the class would largely 'be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.'" Leuthold v. Destination America, Inc., 224 F.R.D. 462, 470 (N.D. Cal. 2004) (quoting Rodriquez v. The Texan, Inc., 2001 WL 1829490, *2 (N.D. Ill. March 7, 2001). This Court agrees with the reservations expressed by those courts unwilling to allow the "federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003).[1] While the Court recognizes that it is not yet clear how many employees will file consents to join the action, and it is certainly possible that the federal plaintiffs could equal or exceed the size of the putative state class, the Court nevertheless finds that it would be inappropriate to exercise jurisdiction over plaintiffs who have

---

[1] To date, 90 consents to join this action have been filed. Plaintiffs have until February 19, 2005, to file consents to join this action. See Notice of Federal Collective Action Lawsuit Seeking Overtime Pay. Defendant notes that there are approximately 228 employees who would be a part of the state law class. See Mot. at 7.

not affirmatively opted into the federal action. To do so would circumvent the opt-in requirement mandated by Congress in federal FLSA actions. See De Asencio v. Tyson Foods, Inc., 342 F.3d at 306. If plaintiffs wish to maintain a state law class, they may dismiss their claims from this suit and file a class action in New York state court.

*B. Supplemental Jurisdiction over Individual Claims*

The Court next addresses the propriety of exercising supplemental jurisdiction over the state law claims of those individuals who have opted into the federal action. With certain exceptions, a district court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff McGruder argues that because the New York state law claims form part of the same "case or controversy" as the FLSA claims, the plain language of 28 U.S.C. § 1367 affords supplemental jurisdiction over the state law claims. See Opp. at 3. Plaintiff also notes that defendant does not appear to dispute the fact that the FLSA and New York state law claims are part of the same "case or controversy." See id. n.2. Indeed, to do so would be illogical since the same facts underlie both claims.

The only question remaining, then, is whether the Court should exercise supplemental jurisdiction over the New York state law claims of those plaintiffs who have chosen to opt into the FLSA action. The supplemental jurisdiction statute further provides that a district court may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the

claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all the claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

A number of defendant's arguments lose force if the Court addresses the issue of supplemental jurisdiction on an individual, rather than on a class, basis. Defendant first notes that New York state wage-hour law provides for twenty-five percent liquidated damages, but that the New York Civil Practice rules provide that actions for a penalty may not be maintained as a class action. See New York Labor Law § 198, Subd. 1-a and 663; C.P.L.R. § 901(b).[2] Because the Court has found that supplemental jurisdiction over a state law class is not appropriate, however, this argument is moot. Defendant's argument that state law claims could predominate over federal claims because the statute of limitations in New York is six years whereas the federal state of limitations is two years, see Mot. at 7, is likewise moot since plaintiff McGruder has filed suit within the two year limitations period.[3]

Defendant next argues that New York law is unsettled as to how New York courts will apply the New York state version of the administrative exemption from overtime. See Mot. at 6. Defendant's argument appears to be that it is unclear (1) whether New York courts will

---

2 Some courts have allowed class actions to proceed where the plaintiffs agree to waive any right to recover liquidated damages as a condition of being certified as a class. See Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 95 (S.D.N.Y. 2001). Plaintiffs in this case have agreed to waive their right to seek liquidated damages. See Opp. at 10. Defendant responds that the law is unsettled as to whether such waivers are even acceptable. See Rep. at 6.

3 Defendant's argument that the New York named plaintiff could have opted into Robinson-Smith v. GEICO, Civil Action No. 01-1340, yet chose not to, is not relevant to the merits of this Court exercising supplemental jurisdiction.

continue to follow the "production worker" theory that has been largely repudiated; (2) whether New York courts will consider the "matters of significance" language in the Department of Labor's interpretation as to when an employee satisfies the "discretion and independent judgment prong of the exemption"; and (3) whether New York courts will determine that adjusters are employees who "perform[], under only general supervision, work along specialized or technical lines requiring special training, experience and knowledge." See Mot. at 7. It has been observed, however, that "[r]eview of New York State regulations at 12 N.Y.C.R.R. Part 142 reveals that they are substantially similar to the federal scheme." Debejian v. Atlantic Testing Laboratories, Ltd., 64 F. Supp. 2d 85, 87 n.1 (N.D.N.Y. 1999) (noting that although the court's analysis focused on federal law, it applied equally to plaintiff's claims under the FLSA and New York state law). "[T]he [New York] Minimum Wage Act is neither so 'novel or complex' as to suggest that [the Court] should decline to exercise supplemental jurisdiction." Ansoumana v. Gristede's Operating Corp., 201 F.R.D. at 95. Although the Court notes that there have been recent amendments to the FLSA, the Court is confident that, given the similarities between the federal and New York statutory schemes, the Court will have little difficulty in ruling on claims under both. Indeed, it would be wastefully duplicative for the Court to do otherwise.

Defendant finally argues that the Court should decline to exercise supplemental jurisdiction because most of the witnesses and the records are in New York. See Mot. at 5-8. Any records and witnesses that are pertinent to the claims of New York adjusters who have opted into the FLSA action would presumably be pertinent to their New York state law claims as well. The Court cannot conclude that the exercise of supplemental jurisdiction would logistically complicate the case.

The Court therefore will exercise supplemental jurisdiction over the New York state law claims of plaintiff McGruder and any New York plaintiff who is eligible to opt into the federal action and opts in by filing a notice of consent. The Court will not, however, exercise jurisdiction over unnamed plaintiffs who do not. If any plaintiff wishes to maintain his or her New York state law claims as a class action, then he or she should voluntarily dismiss those claims from this action and file a class action in New York State Supreme Court.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss the New York state law claims [4] is DENIED; it is

FURTHER ORDERED that plaintiffs' motion for class certification [8] is DENIED; and it is

FURTHER ORDERED that defendant's expedited motion for discovery prior to responding to plaintiffs' motion for collective action and class certification [11] is DENIED as moot. This motion was already denied in part as moot in this Court's Memorandum Opinion and Order of November 9, 2004. The remainder of the motion is now denied as moot.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/23/04