UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
CHRISTINE LINDSAY, *et al.*,          )
                                      )
        Plaintiffs,                   )
                                      )
    v.                                )   Civil Action No. 04-1213 (PLF)
                                      )
GOVERNMENT EMPLOYEES INSURANCE        )
COMPANY,                              )
                                      )
        Defendant.                    )
_____)


OPINION

This matter is before the Court on plaintiffs' renewed motion for class certification and appointment of class counsel pursuant to Rule 23(b)(3) and Rule 23(g) of the Federal Rules of Civil Procedure, respectively.[1] Plaintiffs seek certification of a class represented by plaintiff Robert McGruder and consisting of all automobile damage adjusters employed by defendant GEICO "who worked in the state of New York from July 19, 1998 through the pay period ending July 9, 2004." Pls.' Mot. at 2. Plaintiffs also seek the appointment of the law firms of Cohen, Millstein, Hausfeld & Toll, PLLC and Shapiro Haber & Urmy LLP as class counsel. Upon consideration of plaintiffs' motion, defendant's opposition, plaintiffs' reply, and the entire record in this case, the Court will grant plaintiffs' motion.

---

[1] The papers submitted in connection with this matter include: Plaintiffs' Renewed Motion for Class Certification ("Pls.' Mot."); GEICO's Opposition to Renewed Motion for Class Certification ("Def.'s Opp."); Plaintiffs' Memorandum of Points and Authorities in Reply to Defendant's Opposition to Plaintiffs' Renewed Motion for Class Certification ("Pls.' Reply"); Defendant's Sur-Reply Re Renewed Motion for Class Certification; Plaintiffs' Notice of Supplemental Authority in Support of Plaintiffs' Renewed Motion for Class Certification; and Defendant's Response to Plaintiffs' Supplemental Citations.

I. BACKGROUND AND PROCEDURAL HISTORY

On July 19, 2004, plaintiffs Christine Lindsay and Robert McGruder, both automobile damage adjusters employed by GEICO, brought suit against GEICO on behalf of themselves and other similarly situated employees. Plaintiffs claim that, at least since 1985, GEICO has deliberately miscategorized its adjusters as administrative employees in order to avoid paying them the overtime compensation to which they are entitled under Section 207(a) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and – in the case of New York-based adjusters – Section 663 of the New York Minimum Wage Act, N.Y. LAB. LAW §§ 650 *et seq*. See First Amended Class and Collective Action Complaint ¶ 1.[2] Plaintiffs sought certification of an "opt-in" class under the FLSA pursuant to Section 216(b) of the FLSA.[3]

---

² Section 207(a) of the FLSA "requires an employer to pay an employee one-and-one-half times his regular pay rate for work in excess of 40 hours per week," Lindsay v. GEICO, 448 F.3d 416, 419 n.1 (D.C. Cir. 2006), unless said employee is exempted from this requirement because he is a "bona fide executive, administrative, or professional" employee. 29 U.S.C. § 213(a)(1). Section 663 of the New York Minimum Wage Act creates a civil action for violations of New York's compensation laws. One of those laws requires an employer to pay an employee time-and-one-half overtime compensation but, like the FLSA, excludes from this requirement executive, administrative, or professional employees. See N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

³ Section 216(b) provides, in pertinent part:

> An action to recover the liability prescribed in [Sections 206, 207, and 215(a)(3) of the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Plaintiffs also sought certification of an "opt-out" class under the New York Minimum Wage Act pursuant to Rule 23 of the Federal Rules of Civil Procedure. See Lindsay v. GEICO, 448 F.3d at 418.

On November 9, 2004, this Court found that the putative members of the proposed opt-in class were "similarly situated" for purposes of the FLSA, 29 U.S.C. § 216(b), and therefore granted plaintiffs' motion for notice to potential class members. See Lindsay v. GEICO, Civil Action No. 04-1213, Memorandum Opinion and Order at 4-5 (D.D.C. Nov. 9, 2004).[4] On December 23, 2004, however, the Court denied certification of the opt-out class on the ground that it would be inappropriate, in light of the procedural differences between Section 216(b) and Rule 23, to assert supplemental jurisdiction over the state law claims of plaintiffs "who have not affirmatively opted into the [Section 216(b)] action." Lindsay v. GEICO, 355 F. Supp. 2d 119, 121 (D.D.C. 2004). The Court therefore (1) declined to certify an opt-out class of state law plaintiffs who had not opted into the federal action, but (2) asserted supplemental jurisdiction over the state law claims of those New York plaintiffs who had opted into the federal action. See id. at 120-24.[5] On interlocutory appeal of the December 23, 2004 decision, the D.C. Circuit reversed this Court's decision not to certify the opt-out class of state law plaintiffs who

---

[4] Plaintiffs' counsel has stated in open court that approximately 500 people have opted in to the FLSA suit. See Unofficial Transcript of Oral Argument at 4, 13 (Feb. 26, 2008).

[5] The Court subsequently granted summary judgment in favor of plaintiffs with respect to (1) liability under the FLSA as to all members of the FLSA collective action, and (2) liability under New York state law "as to named plaintiff Robert McGruder . . . and any other members of the [FLSA] collective action who also are residents of New York." Lindsay v. GEICO, Civil Action No. 04-1213, Memorandum Opinion and Order (D.D.C. January 24, 2008) (explaining liability rulings). Approximately 28 New York plaintiffs have affirmatively opted into the FLSA case. See Unofficial Transcript of Oral Argument at 15 (Feb. 26, 2008).

3

had not opted into the federal action. See Lindsay v. GEICO, 448 F.3d at 420-21. The Court stated, however, that on remand this Court "remains free to consider whether it 'may decline to exercise' supplemental jurisdiction under 28 U.S.C. § 1367(c)." Id. at 424.[6]

Plaintiffs renewed their motion for certification of the opt-out class of state law plaintiffs, and defendant opposed that motion. The Court heard oral argument on plaintiffs' renewed motion on February 26, 2008.

## II. SUPPLEMENTAL JURISDICTION

In its decision, the D.C. Circuit observed that this Court would not be justified in declining to exercise supplemental jurisdiction under Sections 1367(c)(1) and (c)(2). See Lindsay v. GEICO, 448 F.3d at 424-25.[7] Nor would the Court be justified in declining to exercise supplemental jurisdiction under Section 1367(c)(4) on the ground that "the difference

---

[6] Section 1367(c) provides, in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim . . . if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

[7] Section 1367(c)(3) does not apply, of course, because the Court has not dismissed plaintiffs' federal law claims.

4

between the opt-in procedure provided by section 216(b) for FLSA claims and the opt-out procedure for state law claims provided by Rule 23 [fits] the 'exceptional circumstances'/'other compelling reasons' language of section 1367(c)(4)." Id. at 425. Thus, as plaintiffs point out, it appears that "the only permissible reason to decline [to assert supplemental] jurisdiction would be the existence of 'exceptional circumstances' under § 1367(c)(4) presenting 'compelling reasons for declining jurisdiction,' *other than* any conflict between opt-in and opt-out class action procedures." Pls.' Mot. at 3-4.

Defendant has identified no such circumstances, and the Court is aware of none. To the contrary, all of the relevant considerations – that is, considerations of "economy, convenience, fairness, and comity" – militate in favor of this Court asserting supplemental jurisdiction over the state law claims. Lindsay v. GEICO, 448 F.3d at 425. As plaintiffs correctly observe, the claims of the opt-out class members are "garden variety overtime class action claims" that will not be difficult to manage or resolve alongside the "nearly identical" federal claims of the opt-in class members. Pls.' Mot. at 4. In addition, declining to assert jurisdiction here likely would result in duplicative litigation in this Court and in a New York state court – and effectively waste much of the cost and effort already expended on this litigation. See id.; see also Pls.' Reply at 2.

For the foregoing reasons, the Court concludes that it is appropriate to assert supplemental jurisdiction over the state law claims of those plaintiffs who have not also asserted FLSA claims. The only remaining question, therefore, is whether the proposed opt-out class should be certified.

## III. CLASS CERTIFICATION

### *A. Certification Requirements*

A party who moves for class certification bears the burden of showing that his proposed suit meets all of the requirements for certification. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997). Those requirements fall into two categories. First, the moving party must show that his proposed suit satisfies the four threshold requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Specifically, the moving party must show that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. See FED. R. CIV. P. 23(a). "Failure to adequately demonstrate any of the four [threshold requirements] is fatal to class certification." Garcia v. Johanns, 444 F.3d 625, 631 (D.C. Cir. 2006). Second, the moving party must show that his proposed class falls within at least one of the three categories of cases set forth in Rule 23(b) of the Federal Rules of Civil Procedure. Id. at 631 n.6. In this case, plaintiffs contend that the proposed opt-out class falls within the terms of Rule 23(b)(3), which permits certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

The Court concludes that the proposed opt-out class meets both the threshold requirements of Rule 23(a) and the additional requirements of Rule 23(b)(3). The Court will therefore certify the proposed class.

### 1. Rule 23(a) Requirements

#### a. Numerosity

"Rule 23(a)(1) permits maintenance of a class action if 'the class is so numerous that joinder of all members is impracticable.'" Taylor v. District of Columbia Water & Sewer Authority, 241 F.R.D. 33, 37 (D.D.C. 2007) (quoting FED. R. CIV. P. 23(a)(1)). Typically, a class in excess of 40 members is sufficiently numerous to satisfy this requirement. See 5 MOORE'S FEDERAL PRACTICE § 23.22[3][a] at 23-63 (3d ed. 2002). Plaintiffs' proposed class includes approximately 228 individuals. See Pls.' Mot. at 6. Joinder of this many individuals would be impracticable. The opt-out class thus satisfies Rule 23(a)(1)'s numerosity requirement.

#### b. Commonality

"Commonality requires that the plaintiff raise claims which rest on 'questions of law or fact common to the class.'" Taylor v. District of Columbia Water & Sewer Authority, 241 F.R.D. at 37 (quoting FED. R. CIV. P. 23(a)(2)). Not "every issue of law or fact [need] be the same for each class member." Bynum v. District of Columbia, 217 F.R.D. 43, 46 (D.D.C. 2003). Rather, "[t]he commonality test is met when there is at least one issue . . . the resolution of which will affect all or a significant number of the putative class members." Coleman v. Pension Benefit Guaranty Corp., 196 F.R.D. 193, 198 (D.D.C. 2000) (internal quotation marks omitted). Here, the most crucial issues (that is, the duties of GEICO adjusters, and the legality of GEICO's classification of adjusters as administrative employees in light of those duties) are common to every member of the proposed class. GEICO does not contest this point. The Court therefore concludes that the proposed opt-out class meets the commonality requirement of Rule 23(a)(2).

*c. Typicality*

"Typicality requires that the claims of the representative be typical of those of the class." Taylor v. District of Columbia Water & Sewer Authority, 241 F.R.D. at 44 (citing FED. R. CIV. P. 23(a)(3)). As a practical matter, this means that "[i]f the class representative's claims arise from the same events, practice, or conduct, and are based on the same legal theory as those of other class members, the typicality requirement is satisfied." 5 MOORE'S FEDERAL PRACTICE § 23.24[2] at 23-93 (3d ed. 2002). In this case, the claims of the proposed class representative, Mr. McGruder, arise from the same practice (that is, GEICO's classification of certain employees as administrative employees) and is based on the same legal theory (that is, that said classification is unlawful under New York law) as all of the other class members' claims. GEICO does not contest this point. The Court therefore concludes that the proposed opt-out class meets Rule 23(a)(3)'s typicality requirement.

*d. Adequacy of Representation*

"The fourth and final requirement of Rule 23(a) requires that the court determine whether the proposed representative[] can adequately represent the interests of the class." Taylor v. District of Columbia Water & Sewer Authority, 241 F.R.D. at 45; see also FED. R. CIV. P. 23(a)(4). A proposed representative is "adequate" if (1) his interests do not conflict with those of other class members, and (2) he will vigorously prosecute the interests of the class through qualified counsel. See McReynolds v. Sodexho Marriott Services, Inc., 208 F.R.D. 428, 446 (D.D.C. 2002). GEICO does not contend that Mr. McGruder's interests conflict with the interests of other class members or that Mr. McGruder's attorneys are unable or unwilling to

8

vigorously prosecute this matter. The Court is satisfied on both counts, and therefore concludes that the proposed opt-out class meets the adequacy requirement of Rule 23(a)(4).

2. Rule 23(b)(3) Requirements

If a proposed class meets the threshold requirements of Rule 23(a), it may be certified pursuant to Rule 23(b)(3) provided that (1) questions of law or fact common to class members predominate over any questions affecting only individual members, and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). Rule 23(b)(3) was intended to encompass cases in which "a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Id., Advisory Committee Note to 1966 Amendments.

*a. Predominance*

GEICO does not – and, in truth, could not – dispute that the proposed opt-out class meets the predominance requirement. As noted above, see *supra* at 8, the most crucial questions of fact and law are common to all members of the proposed class, and it is clear that those questions "predominate over any questions affecting only individual members," such as damages. FED. R. CIV. P. 23(b)(3). The proposed opt-out class therefore satisfies the predominance requirement of Rule 23(b)(3).

*b. Superiority*

Plaintiffs argue that certification of the opt-out class is a superior method for adjudicating plaintiffs' state law claims because the only alternatives are (1) costly and inefficient individual suits in the courts of New York state, see Pls.' Mot. at 4, 11, or (2) a new class action in a New York state court, which would involve "duplicative class and liability briefing [before] a new judge [who] would be required to master . . . the voluminous factual record with which this Court is already familiar," Pls.' Reply at 2, and "pass upon legal issues essentially identical to those that will be decided by this Court in the context of the FLSA claims." Id. at 4. GEICO has two responses to this argument. First, GEICO argues that individual actions here or in New York state court are unlikely because any plaintiffs interested in filing such claims would have filed them by now. See Def.'s Opp. at 6-7. Second, GEICO argues that, in light of the "policies embodied" in Section 216(b) of the FLSA, certifying the proposed opt-out class would not be a superior method for adjudicating plaintiffs' state law claims. Def.'s Opp. at 4.[8] The Court

---

[8] Relatedly, GEICO argues that "[b]oth the language and purpose of § 216(b) make the consent requirement" – that is, the opt-in requirement – "applicable to the entire litigation, not just the federal cause of action." Def.'s Opp. at 3.

This appears to be a repackaged version of one of the arguments rejected by the D.C. Circuit on appeal of this Court's initial certification decision. There, GEICO argued that "section 216(b)'s use of the term 'action' – as opposed to 'claim' or 'cause of action' – manifests that the Congress intended to require opting-in for the entire litigation, not merely the FLSA claims." Lindsay v. GEICO, 448 F.3d at 422. The D.C. Circuit rejected this argument, concluding that "the term 'action' does not meet section 1367(a)'s requirement of an 'express[]' prohibition [on the exercise of supplemental jurisdiction]." Id.

GEICO now offers the same argument without a jurisdictional hook. It does not succeed. It is true that Section 216(b) "is a federal statute and is entitled to enforcement according to its terms." Def.'s Opp. at 3. But because Section 216(b) was intended to apply only to suits seeking relief under the FLSA, courts enforce Section 216(b) "according to its terms" by limiting its opt-in requirement to such suits. See infra at 11-12 and note 9.

disagrees with GEICO on both points.

GEICO's first argument fails because the Court sees no reason to disbelieve plaintiffs' representations that, were this Court not to certify the proposed class, all or some of the potential class members would likely pursue their claims here or in New York state court.

GEICO's second argument fails as well. GEICO correctly observes that Section 216(b) of the FLSA requires plaintiffs to opt into FLSA class action suits, and that the inclusion of this requirement suggests that Congress regarded opt-in suits as a superior method for adjudicating FLSA claims. From that premise GEICO reasons that "Congress has determined . . . that an opt-in class, rather than an opt-out class, is superior" not only for FLSA claims, *but also* for all state law claims brought in conjunction with FLSA claims in federal court. Def.'s Opp. at 4-5. In other words, GEICO argues that to certify a state law opt-out class alongside an FLSA opt-in class is to ignore the will of Congress, because Congress has already determined that a parallel opt-out class is an inferior method for adjudicating plaintiffs' state law claims in this context. Id. at 5.

The Court's initial certification decision cited with approval cases that embraced this line of reasoning. See Lindsay v. GEICO, 355 F. Supp. 2d at 121 (citing Leuthold v. Destination America, Inc., 224 F.R.D. 462, 469-70 (N.D. Cal. 2004); McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 576-77 (N.D Ill. 2004)). With the benefit of the D.C. Circuit's guidance, however, and upon further consideration, the Court concludes that the argument is unconvincing for three reasons. First, Section 216(b)'s opt-in requirement does indeed suggest that Congress viewed opt-in suits as superior to opt-out suits *for claims seeking relief under the FLSA*. But GEICO offers no evidence that Congress made a similar judgment with respect to

11

state law claims brought in conjunction with FLSA claims. Indeed, the plain language of Section 216(b) limits the opt-in requirement to suits for violations of the FLSA – strongly suggesting that, to the degree that Congress made a "superiority" determination, it applied *only* to FLSA suits.[9]

Second, GEICO's position is contrary to the weight of authority. Many courts have concluded that "permitting New York Labor Law claims to proceed as Rule 23(b)(3) class actions, along with FLSA collective actions, is a superior method" for adjudicating plaintiffs' claims – at least where, as here, plaintiffs' state law claims are based on the same facts as their federal law claims. Trinidad v. Breakaway Courier Systems, Inc., Civil Action No. 05-4116, 2007 WL 103073, at *9 (S.D.N.Y. Jan. 12, 2007); see also Frank v. Gold'n Plump Poultry, Inc., Civil Action No. 041018JNERLE, 2005 WL 2240336, at *5 (D. Minn. Sept. 14, 2005) (stating that "courts routinely certify FLSA opt-in classes and Rule 23 opt-out classes in the same action"); Goldman v. Radioshack Corp., Civil Action No. 03-0032, 2005 WL 1124172, at *4 (E.D. Pa. May 9, 2005) (concluding that the superior method for adjudicating plaintiffs' state law claims was to certify an opt-out state law class alongside an opt-in FLSA class); Scholtisek v. Eldre Corp., 229 F.R.D. 381, 393 (W.D.N.Y. 2005) (certifying an opt-out state law class alongside an opt-in FLSA class "is superior to other available methods of adjudicating the class members' claims"); O'Brien v. Encotech Construction Services, Inc., 203 F.R.D. 346, 351-52

---

[9] Section 216(b) of the FLSA states that "[n]o employee shall be a party plaintiff to *any such action* unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b) (emphasis added). The phrase "any such action" refers to the sort of action described in the previous sentence – that is, "[a]n action to recover the liability prescribed in either of the preceding sentences." Id. Those "preceding sentences," in turn, refer to employers' liability for violations of the FLSA. Id.

(N.D. Ill. 2001) (same); cf. Westerfield v. Washington Mutual Bank, Civil Action No. 06-2817, 2007 WL 2162989, at *2 (E.D.N.Y. July 26, 2007) (stating broadly that the theory of "inherent incompatibility" between the opt-in procedures of FLSA collective actions and the opt-out procedures of Rule 23 class actions is "an imaginary legal doctrine"). But see Riddle v. Nat'l Security Agency, Inc., Civil Action No. 05-5880, 2007 WL 2746597, at *3 (N.D. Ill. Sept. 13, 2007) (concluding that a proposed Rule 23 class action brought alongside an FLSA collective action was not a superior method for adjudicating plaintiffs' state law claims in part because of the procedural differences between Rule 23 and Section 216(b)).

Third, there are several affirmative reasons to view certification as a superior method for adjudicating plaintiffs' state law claims in this case. For example, certification (1) will prevent duplicative, wasteful and inefficient litigation here and in New York state court, see Scholtisek v. Eldre Corp., 229 F.R.D. at 393-94; (2) will "eliminate the risk that the question of law common to the class will be decided differently in [separate lawsuits]," Scott v. Aetna Services, Inc., 210 F.R.D. 261, 268 (D. Conn. 2002); and (3) will not create any difficult case management issues. See Mascol v. E & L Transportation, Inc., Civil Action No. 03-3343, 2005 WL 1541045, at *7 (E.D.N.Y. June 29, 2005). The Court therefore concludes that the proposed class meets the superiority requirement of Rule 23(b)(3).

## IV. LIQUIDATED DAMAGES

Finally, GEICO argues that because the New York statute under which plaintiffs seek relief provides for liquidated damages, see N.Y. LAB. LAW § 663 (providing for liquidated damages in cases of "willful" violations of the statute), other provisions of New York law

13

preclude class certification. See N.Y. C.P.L.R. § 901(b).[10] This argument fails. Plaintiffs are willing to waive their rights to seek liquidated damages here, and courts routinely permit plaintiffs to waive their rights to seek liquidated damages as a condition of certification. See, e.g., Lewis v. Nat'l Financial Systems, Inc., Civil Action No. 06-1308, 2007 WL 2455130, at *7 (E.D.N.Y. Aug. 23, 2007) (noting that several New York Appellate Divison courts, as well as several federal district courts, have concluded that plaintiffs may waive the right to recover liquidated damages under New York law as a condition of class certification); Klein v. Ryan Beck Holdings, Inc., Civil Action No. 06-3460, 2007 WL 2059828, at *2-3 (S.D.N.Y. July 13, 2007) (observing that "a plaintiff can avoid application of § 901(b) by waiving his right to liquidated . . . damages"). The Court sees no reason not to follow these precedents. The Court therefore will certify the opt-out class on the condition that any class notice adequately informs potential class members of this waiver – and their right to opt out of the class if they wish to pursue liquidated damages. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 374 (S.D.N.Y. 2007).

V. APPOINTMENT OF CLASS COUNSEL

Plaintiffs have also asked this Court to appoint as class counsel for the opt-out class the law firms of Cohen, Millstein, Hausfeld & Toll, PLLC and Shapiro Haber & Urmy LLP. See Pls.' Mot. at 1. GEICO does not oppose this request.

---

[10] Section 901(b) provides, in pertinent part, that "[u]nless a statute creating or imposing a penalty [such as liquidated damages] specifically authorizes the recovery thereof in a class action, an action to recover a penalty . . . imposed by statute may not be maintained as a class action." N.Y. C.P.L.R. § 901(b). Section 663 does not include such an authorization.

When appointing class counsel, Rule 23(g) of the Federal Rules of Civil Procedure requires this Court to consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. See FED. R. CIV. P. 23(g). The Court has considered all of these factors, and concludes that they favor appointing Cohen and Shapiro as class counsel. The Court therefore will do so.

VI. CONCLUSION

For the foregoing reasons, the Court will certify the proposed opt-out state law class and appoint Cohen, Millstein, Hausfeld & Toll, PLLC and Shapiro Haber & Urmy LLP as class counsel. A separate Order consistent with this Opinion will be issued this same day.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: July 3, 2008